PROVOSTY, J., takes no part, not having heard the argument.

(64 South. 977)

No. 20,156.

THE FAIR, Limited, v. AMERICAN UNION FIRE INS. CO. et al.

(April 13, 1914.)

*(Syllabus by the Court.)*

INSURANCE (§ 22*)—SERVICE ON FOREIGN INSURANCE COMPANY—AGENCY OF SECRETARY OF STATE—DURATION.

The mandate of the Secretary of State to represent foreign insurance companies in the state of Louisiana for the purpose of the service of citation or other lawful process continues in force so long as any policy, or other liability, remains outstanding against the corporation in this state. Act No. 105 of 1898.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 26; Dec. Dig. § 22.*]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by The Fair, Limited, against the American Union Fire Insurance Company and the Texas Fidelity & Bonding Company and another. From a judgment for plaintiff, the surety companies appeal. Affirmed.

J. C. Hollingsworth, of New Orleans, for appellants. Charles Rosen, of New Orleans, for appellee.

LAND, J. Plaintiff obtained judgment below on two fire insurance policies against the defendant insurance company, and its surety, the Texas Fidelity & Bonding Company.

The defendants were nonresident corporations, who had transacted business in the state of Louisiana. Both were cited through the Secretary of State, and an attachment was issued against the property of the fire insurance company.

Two receivers appeared by counsel in behalf of the insurance company, and filed a motion to dissolve the attachment, and a plea of prematurity. Later the receivers appeared, and on suggesting that the judgment appointing them had been vacated and annulled, obtained leave of the court to withdraw their motion and exception. Then a default

against the defendants which had been previously entered was confirmed, and a judgment was rendered against both defendants in solido for the sum sued for, with interest and costs. Later the surety company filed a rule to set aside the default, and the said company and the Commonwealth Bonding & Casualty Insurance Company of Arizona filed a rule on the plaintiff to show cause why a new trial should not be granted, on the grounds that the American Fire Insurance Company had been dissolved by a judgment of the court of common pleas of the county of Dauphin, state of Pennsylvania, of date March 26, 1913, and a liquidation of its affairs ordered under the direction of the Insurance Commissioner of that commonwealth.

These rules were discharged, and the judgment was signed. The surety companies have appealed.

The judgment on the merits is amply sustained by the evidence. The Secretary of State is the duly appointed agent of the defendant corporations to receive citations in all suits relative to the business transacted by them in the state of Louisiana, and the appellants have cited no authorities to sustain the proposition that the mandate of the Secretary of State has been revoked by the insolvent proceedings in the state of Pennsylvania.

Judgment affirmed.

O'NIELL, J., takes no part.