City of New York, Plaintiff, *v.* New York and South Brooklyn Ferry and Steam Transportation Company, Defendant.

(Supreme Court, New York Trial Term, October, 1918.)

Covenants — against incumbrances — deeds.
Corporations — dissolution of — action against corporation for breach of covenant against incumbrances cannot be maintained — liens — General Corporation Law, § 221(3).

> Until a grantee sustains damage through ouster or by payment made to procure the discharge of an incumbrance, no debt or claim arises in his favor against the grantor under the latter's covenant against incumbrances.
>
> The provision of section 221(3) of the General Corporation Law, that a corporation, after dissolution, shall continue to exist for the purpose of paying, satisfying and discharging any "existing debts or obligations" and may sue and be sued for the purpose of enforcing them "until its business and affairs are fully adjusted and wound up," clearly applies only to debts or obligations "existing" at the time of dissolution.
>
> At the time of the conveyance by a corporation of lands free from all incumbrances they were subject to the lien of a lease given by the grantor. Subsequently, in proceedings taken under section 57 of the Stock Corporation Law then in force, the corporation was duly dissolved and all of its assets were applied in discharge of its then existing debts and obligations leaving no balance available to the stockholders. *Held*, that the grantee could not maintain an action against its grantor to recover the amount it was thereafter obliged to pay the lessee to extinguish the lien of its lease, and a verdict in favor of plaintiff will be set aside and a verdict directed in favor of defendant.

Action to recover for breach of covenant against incumbrances.

William P. Burr, corporation counsel, for plaintiff.

Zabriskie, Murray, Sage & Kerr (Geo. Zabriskie, of counsel), for defendant.

Greenbaum, J.  The defendant, a domestic corporation, in consideration of the payment to it of the sum of $750,000, executed and delivered to the plaintiff its deed, dated December 21, 1906, by which it conveyed in fee simple to the latter certain lands situated at the foot of Thirty-ninth street, in the county of Kings, and covenanted that the lands so conveyed " were free from all incumbrances." The complaint alleges and the evidence establishes that at the time of the execution and delivery of the deed the lands therein described were not free from incumbrances, but, on the contrary, were subject to the lien of a lease made by and between the defendant and the Brooklyn City Railroad Company, dated August 22, 1892, and that on or about the 25th day of January, 1913, plaintiff was obliged to pay to the lessee in extinguishment of said lien the sum of $91,482.19. This action is brought to recover the sum thus paid, with interest thereon. Among other defenses the defendant maintains that long before the plaintiff's cause of action arose the defendant had been dissolved by proceedings in voluntary dissolution taken under section 57 of the Stock Corporation Law, then in effect; that all its assets had been sold and applied in discharge of all its then existing debts and obligations; that no balance of its assets thereafter remained for distribution among its stockholders, and therefore that no right of action exists against the defendant. The facts in support of this contention of the defendant are undisputed. The corporation was duly dissolved on March 12, 1908, in conformity with the statutes. All of its property theretofore had been sold and all its assets were applied in discharge of its then existing debts and obligations, leaving no balance available to the stockholders, who therefore realized nothing from the corporation's assets. The law is that

until a grantee sustains damage through ouster or by payment made to procure the discharge of an incumbrance no debt or claim arises in his favor against the grantor under the latter's covenant against incumbrances. *Delavergne* v. *Norris,* 7 Johns. 357; *McGuckin* v. *Milbank,* 152 N. Y. 297. It follows, therefore, that plaintiff's claim having arisen in 1913 was not a debt existent at the time of the defendant's dissolution. It seems to be well settled that to entitle a creditor or claimant to participate in the division of the estate and assets of a dissolved corporation the liability against it must be fixed or determinable at the time when it was legally dissolved. *People* v. *Met. Surety Co.,* 205 N. Y. 135; *People* v. *Commercial Alliance Life Ins. Co.,* 154 id. 95. In the last cited case it was held that the duty devolved upon a receiver appointed in dissolution proceedings to make immediate distribution of the corporation's assets, and hence that any necessary delay in the discharge of his duties should not result in introducing " a new class of creditors who were not creditors at the time of dissolution." In *People* v. *American Loan & Trust Co.,* 172 N. Y. 371, 377, the court, citing cases in support of its conclusions, held that in construing the law applicable to a general assignment for the benefit of creditors the word " liabilities " had reference to debts existing at the time of the assignment and did not embrace debts accruing subsequently to that date. At common law the dissolution of a corporation resulted in the complete extinction of the corporate body for all purposes, and it could not sue or be sued after dissolution. A court of chancery, nevertheless, provided a remedy in favor of the equitable rights of creditors against assets of a dissolved corporation which had not been distributed among its creditors by permitting a suit to be brought by a creditor to assert his lien

against any fund belonging to the corporation applicable to the payment of a debt. Morawetz Corp. §§ 1031–1035. The plaintiff claims that section 57 of the Stock Corporation Law, now embodied in subdivision 3 of section 221 of the General Corporation Law, was enacted to overcome the common-law rule, and that its effect is that a corporation may sue and be sued after its dissolution for all debts, whether existent at the time of dissolution or thereafter arising. This reasoning seems to me to be fallacious, and I am of opinion that the purpose of the enactment was the mere simplification of the remedy in favor of a creditor in enforcement of his claim, to the payment of which the assets of the corporation were applicable. That subdivision reads as follows: '' 3. Said corpora-° tion shall nevertheless continue in existence for the purpose of paying, satisfying and discharging any existing debts or obligations, collecting and distributing its assets and doing all other acts required in order to adjust and wind up its business and affairs, and may sue and be sued for the purpose of enforcing such debts or obligations until its business and affairs are fully adjusted and wound up.'' *Cunningham* v. *Glauber,* 133 App. Div. 10, which discusses the effect of the statutory provision just quoted, is not inconsistent with my view of its scope. In that case the cause of action was based upon a fixed liability incurred before dissolution, and therefore no such question as here arises was there considered. The enactment permitting the bringing of actions against a dissolved corporation clearly applies only to debts or obligations '' existing '' at the time of dissolution. Indeed, such is the actual phraseology of the statute. There is nothing contained therein which would justify the conclusion that it was intended to apply to

claims arising after the date of dissolution or to over-turn the decisions which limited the distribution of the assets of a dissolved corporation to debts in existence at the time of dissolution. The learned corporation counsel relies upon the denial of defendant's motion heretofore made herein to set aside the service of the summons and complaint upon the ground that it had been dissolved before the claim arose as an adjudication in favor of plaintiff's contention. That motion, however, was made before any answer had been served and when the court was not in a position to determine the facts as they have been developed upon the trial. The disposition of the motion is in harmony with the present finding that no cause of action has been established against the corporation. Under the authorities and for the further reason that a judgment against the corporation founded upon a cause of action accruing after dissolution would be perfunctory and unenforcible, the verdict heretofore entered in favor of the plaintiff must be set aside and a verdict will be directed in favor of the defendant.

Judgment accordingly.