SANITARY BRASS WORKS, INC., Plaintiff, Judgment Creditor, *v.* RUBIN & MARCUS, INC., Defendant, Judgment Debtor.

(County Court, Bronx County, February, 1920.)

**Supplementary proceedings — when motion to vacate order denied — corporations — General Corporation Law, § 221 (3) — Code Civ. Pro. § 2444.**

Since section 221(3) of the General Corporation Law declares that a corporation, though dissolved, continues in existence for the purpose of being sued, etc., its existence and its business situs must be deemed to continue for the purpose of enforcing a judgment obtained against it.

The corporation must be deemed to have an officer who, under section 2444 of the Code of Civil Procedure, can be directed to attend and be examined in proceedings supplementary to execution, and where such an order directs the corporation to appear by the person who, at the time of the filing of the dissolution certificate was president of the corporation, a motion to vacate the order on the ground that the corporation had been dissolved prior to the institution of the supplementary proceeding, and upon the further ground that the corporation has no place of business, must be denied and said president directed to appear for examination.

MOTION to vacate an order in supplementary proceedings.

Joseph A. Seidman (Samuel J. Joseph, of counsel), for judgment debtor.

David Haar, for judgment creditor.

GIBBS, J. An order having heretofore been made by this court directing the judgment debtor corporation to appear by Louis Rubin, its president, in proceed-

ings supplementary to execution, the said judgment debtor moved on the return day to vacate the order on several grounds.

*First,* That the corporation was dissolved prior to the institution of these proceedings, pursuant to section 221 of the General Corporation Law. *Secondly,* That the corporation has no place for the transaction of business in Bronx county inasmuch as the corporation has been dissolved and has no place of business, and finally that Louis Rubin is not the president of the corporation at the present time and was not its president at the time these proceedings were commenced. It seems to be conceded that the judgment debtor corporation was in point of fact formally dissolved in accordance with the Corporation Law on June 16, 1919, but that the action which was reduced to the present judgment was then pending against the defendant corporation. There is no doubt that at common law the dissolution of a corporation resulted in the complete extinction of the corporate body for all purposes, and it could not sue or be sued after the dissolution. It appears, however, that under the provisions of subdivision 3 of section 221 of the General Corporation Law, a corporation which has been formally dissolved nevertheless continues in existence " for the purpose of paying, satisfying and discharging any existing debts or obligations * * * and may sue and be sued for the purpose of enforcing such debts and obligations, until its business and affairs are fully adjusted and wound up."

In the circumstances that the action was based upon a debt which had accrued before the dissolution of the corporation, plaintiff properly continued the action against the corporation and not against its directors who, under the statute, were trustees of the dissolved corporation's assets. *Cunningham* v. *Glauber,* 133

App. Div. 10; *City of New York* v. *New York & S. B. Ferry Co.,* 104 Misc. Rep. 438.

Since the statute specifically declares that the corporation continues in existence for the purpose of being sued it necessarily follows that its existence must be deemed to continue for the purpose of enforcing a judgment obtained against it. It is also an inevitable conclusion in view of all the facts that its business situs continues in Bronx county. This disposes of all of the defendant's contentions except the final one that Louis Rubin is not to be considered in this proceeding or any other proceeding as the president of the corporation and was not its president at the time this proceeding was commenced. Rubin has submitted an affidavit that *after* he signed the dissolution certificate he resigned as its president. Apparently, the certificate referred to is the one provided for in subdivision 1 of section 221 of the General Corporation Law. It is there provided that when the required number of stockholders consent to the dissolution of a corporation, such consent, attested by its secretary or treasurer and its president or vice-president, shall be filed in the office of the secretary of state, and such consent shall include a statement of the names and residences of the then existing board of directors of said corporation and the names and residences of its officers, duly verified by the secretary or treasurer or president of said corporation. Thus it will be seen that this is a public record and is apparently intended to apprise those who have claims against a dissolved corporation of those to whom it may look for payment and those upon whom process may be served. Rubin's affidavit does not disclose the name of the person who was elected in his place as president of the corporation. As a matter of fact, it fails to state that any person was elected in his place. I think that

County Court, Bronx County, February, 1920. [Vol. 110.

it may be taken for granted that the scheme of the statute is to keep intact the dissolved corporation so far as it is necessary to do it, that it may sue and be sued until its business and affairs are fully adjusted and wound up. Otherwise, if all the officers of a dissolved corporation should resign after filing a dissolution certificate the statute would be nullified in its purpose to continue the corporation's existence for the above-named purposes. It would seem to be the logical conclusion, giving the statute its common sense intendment, that the board of directors and officers as stated in the certificate filed with the secretary of state are to be deemed to be such officers and directors for the purpose of enabling the court to obtain jurisdiction of the corporation in proceedings necessarily resulting from actions. Section 2444 of the Code of Civil Procedure provides that in supplementary proceedings a corporation must attend by and answer under the oath of an officer thereof.

This judgment debtor corporation must be deemed to have an officer who can be directed to attend and answer in these proceedings. Louis Rubin being the president of the corporation at the time when it filed its dissolution certificate still continues as its president for the purpose of this proceeding.

The motion to vacate the order herein should, therefore, be denied, with ten dollars costs, and the president, Louis Rubin, is ordered and directed to appear on behalf of the defendant corporation for examination on Wednesday, March third, at ten A. M.

Motion denied, with ten dollars costs.