# Burns et al., Appellants, *v.* Niagara Life Ins. Co. et al.

*Practice, C. P.—Service of bill in equity—Service on insurance commissioner—Corporation—Decree of dissolution.*

1. Where a foreign insurance company has been dissolved as of a date stated, by a decree of the court of its domicile, service thereafter of a bill in equity against the corporation on the insurance commissioner of Pennsylvania, will be stricken off.

2. In such case, it is immaterial that the decree of dissolution further provided that the rights and liabilities of the company should be determined as of a later specified date.

3. The fixing of a date when obligations shall be considered as maturing for the purpose of determining contractual obligations between the various parties in interest, is a distinctly different matter from the fixing of a time when the life of an organization created by law shall cease.

Argued January 21, 1924.    Appeal, No. 79, Jan. T., 1924, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1922, No. 10405, making absolute rule to strike off service, in case of George Burns et al., Stockholders of Mechanics & Merchants Bank v. Niagara Life Ins. Co. et al.    Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Rule to strike off service of bill in equity on Insurance Commissioner of Pennsylvania.    Before STERN, J.

454 BURNS et al., Appel., *v.* NIAGARA LIFE INS. CO.

The opinion of the Supreme Court states the facts.
Rule absolute. Plaintiffs appealed.

*Error assigned* was, inter alia, order making absolute the rule, quoting rule, but not the order, said assignment being printed in the record only.

*William T. Cooper,* with him *John W. Jennings,* for appellants, cited: Hould v. John P. Squire Company, 79 Atl. R. 282.

*Allen S. Olmsted, 2d,* with him *Saul, Ewing, Remick & Saul,* for appellee, cited: Pendleton v. Russell, 144 U. S. 640; Farmers' & Mechanics' Bank v. Little, 8 W. & S. 207; Louchheim v. Printing & Weighing Co., 12 Pa. Superior Ct. 55; Relfe v. Rundle, 103 U. S. 222.

PER CURIAM, February 18, 1924:

The service on defendant company of a bill in equity was declared invalid; plaintiffs have appealed.

We affirm the order in question on the following excerpts from the opinion of the court below: "It appears that the Niagara Life Insurance Company of Buffalo, New York, had been dissolved by decree of court before service in this suit was made on the insurance commissioner of Pennsylvania. It therefore is manifestly impossible for the company to enter an appearance or to authorize any one to appear on its behalf. The superintendent of insurance of the State of New York presented a petition to show cause why the service of the bill in equity should not be stricken from the record. It may be that the taking of such a rule is not in accord with proper practice and that the matter should be determined in some other form of proceeding, but counsel for plaintiffs, at bar, expressly waived all questions in the case except one, namely, whether under the provisions of the decree of dissolution the service was or was not valid......The point contended for by plaintiffs is that

while the decree of the Supreme Court of the State of New York for the County of Erie, dated February 24, 1923, provided that the Niagara Life Insurance Company 'be and the same hereby is dissolved and its corporate charter forfeited and annulled,' it contained a provision 'that all outstanding obligations of the Niagara Life Insurance Company and all insurance policies and all liability for losses and benefits shall expire, cease and terminate at midnight between the twenty-eighth day of February and first day of March, 1923, standard time at Buffalo, New York, and that the rights and liabilities of the Niagara Life Insurance Company and of its creditors, policyholders, stockholders and of all other persons interested in its assets be determined and fixed as of midnight between the twenty-eighth day of February and the first day of March, 1923, standard time at Buffalo, New York.' From this it is contended that the service in the present case made on the insurance commissioner of Pennsylvania at 1:30 o'clock p. m. on February 28, 1923, was valid. The decree plainly dissolved the corporation as of the date of the entry of the decree, namely, February 24, 1923, and at that moment its life ceased. All that the clause in question provides is that the rights and liabilities of the company shall be determined as of the end of the month of February, 1923. The fixing of a date when obligations shall be considered as maturing for the purpose of determining contractual obligations between the various parties in interest is a distinctly different matter from the fixing of a time when the life of an organization created by law shall cease......This view makes it unnecessary to consider the principle of comity argued by the petitioner, although it may be stated that the decree of the New York court placed the entire liquidation of the affairs of the Niagara Life Insurance Company in the hands of the superintendent of insurance of the State of New York, and there would seem to be no reason why plaintiffs cannot and should not present any claims that

they may have to the liquidator of the company in the New York domicile, where all the rights and liabilities of the company may be worked out by the official machinery provided by the laws of that state."

The order is affirmed at cost of appellants.