## DENARO v. McLAREN PRODUCTS CO. et al.

(Circuit Court of Appeals, First Circuit. December 7, 1925.)

No. 1861.

**1. Abatement and revival ⚫41—Patents ⚫284—Substituting parties plaintiff by reason of death and assignments held not to entitle defendant to dissolution of injunction and dismissal.**

In patent infringement suit, filing of supplemental bill, substituting new parties plaintiff, successors in interest of former parties through assignments and death of one of them, after reversal of decree dismissing bill, *held* not to entitle defendants to dissolution of injunction, vacation of execution for costs, and dismissal, on theory that original cause of action and rights thereunder had abated.

**2. Parties ⚫62—That substitution of parties plaintiff in infringement suit was attempted by filing of supplemental rather than original bill held immaterial.**

That substitution of parties plaintiff in patent infringement suit, because of assignment of interests, was attempted by filing of supplemental bill, to be taken as amendment to original bill, rather than by filing of original bill, is immaterial.

**3. Courts ⚫407(2)—On appeal from interlocutory decree in injunction suit, Circuit Court of Appeals held authorized to determine merits.**

On appeal from interlocutory decree denying motion to dissolve injunction, vacate execution for costs, and dismiss bill, Circuit Court of Appeals, under Judicial Code, § 129 (Comp. St. § 1121), has authority to determine merits of case.

**4. Abatement and revival ⚫47—Patents ⚫284—Successors in interest of plaintiffs in patent infringement suit held entitled to substitution.**

Successors in interest of parties plaintiff in patent infringement suit, through assignments and death of one of parties, who had held legal title in trust for others, on filing of supplemental bill, to be taken as amendment of original bill, *held* entitled to be substituted for original plaintiffs, and to benefit of all judgments and decrees previously entered, to same extent as original plaintiffs.

**5. Corporations ⚫617(5)—Cancellation of corporate charter of party plaintiff in patent infringement suit held not to affect litigation.**

That corporate charter of party plaintiff in patent infringement suit was canceled by state of its domicile for nonpayment of taxes, *held* not to affect pending litigation, in view of laws of such state and of state where litigation was pending, Gen. Code Ohio, § 11964, and G. L. Mass. 1921, c. 155, respectively.

Appeal from the District Court of the United States for the District of Massachusetts; George W. Anderson, Judge.

Suit by the American Cone & Wafer Company and others against James Denaro, wherein the McLaren Products Company and others sought by supplemental bill to be substituted as parties plaintiff. From an interlocutory decree, denying defendant's motion to dissolve injunction, vacate execution for costs, and dismiss bill, defendant appeals. Decree affirmed, with instructions.

See, also, 297 F. 913.

Jesse A. Holton, of Boston, Mass., for appellant.

Albert E. Dieterich, of Washington, D. C. (Frederick A. Tennant, of Boston, Mass., on the brief), for appellees.

Before BINGHAM and JOHNSON, Circuit Judges, and HALE, District Judge.

JOHNSON, Circuit Judge. This is an appeal from an interlocutory decree of the District Court of the United States for the District of Massachusetts, denying the appellant's motion to dissolve an injunction, vacate an execution for costs, and dismiss the bill under which damages were sought for infringement of a patent.

A bill in equity, alleging infringement of a patent and praying for an injunction and accounting, was filed September 22, 1921, by Frederick A. Bruckman, Alexander McLaren, the American Cone & Wafer Company, as exclusive licensee in certain territory, and Fred G. Dieterich and Albert E. Dieterich, copartners under the firm name and style of Fred G. Dieterich & Co., as trustees, holding the legal title to the patent for the benefit of Bruckman and McLaren.

The bill was dismissed by the District Court; but upon appeal to this court the decree of the District Court was reversed, and the action was remanded to that court for further action not inconsistent with the opinion of this court. 297 F. 913.

October 28, 1924, an execution for costs was issued by the District Court on the mandate of this court. A motion for stay of this execution was filed by the defendant, which was denied November 5, 1924. A decree of the District Court was entered upon the mandate of the Circuit Court of Appeals November 17, 1924, and a writ of injunction issued November 18, 1924, which was served upon the defendant.

Motion for leave to file an amendment, in the nature of a supplemental bill substituting new parties plaintiff, was filed November 22, 1924, which was granted and subpœna issued and served. On November 26, 1924, the defendant filed a motion to dissolve the injunction, vacate the order for execution, and dismiss the bill.

[1] The situation is this: There is pending in the District Court a supplemental bill, in which the McLaren Products Company, a corporation duly organized and existing under and by virtue of the laws of the state of Ohio, Alexander McLaren, of Chicago, in the state of Illinois, and Albert E. Dieterich, as trustee, a resident of Washington, in the District of Columbia, have set out the death of Fred G. Dieterich on February 20, 1923, before the opinion of this court was announced, and alleged that Albert E. Dieterich, as sole surviving member of the firm of Fred G. Dieterich & Co., became the sole surviving trustee of the legal title to the patent in suit for the sole benefit of Alexander McLaren, in accordance with a trust instrument previously entered into and particularly described in the bill; that the said Frederick A. Bruckman authorized and empowered the said Albert E. Dieterich, as sole surviving partner of said partnership, and as surviving trustee in execution of said trust, to convey and set over to the said Alexander McLaren, his heirs and assigns, or to such other person, firm, corporation, or association as he may direct, the entire right, title, and interest conveyed to the said trustee by said trust instrument; that the said Frederick A. Bruckman furthermore sold, assigned, and quitclaimed unto the said Alexander McLaren, his heirs and assigns, all his (Bruckman's) rights in the letters patent here in suit, including all claims and demands in law and in equity in the territory described in said trust instrument; that Frederick A. Bruckman has no interest in the said letters patent within the territory specified in this agreement; that the American Cone & Wafer Company, on March 22, 1923, had assigned and transferred unto the McLaren Products Company its entire right, title, and interest in and to the exclusive license granted to it, including all claims and demands, both in law and equity, for damages and profits accrued or to accrue on account of the infringement of said letters patent, within the specified territory, and including all interest in any rights of action or suit involving said letters patent then pending in which the American Cone & Wafer Company appeared as a party; that the naked legal title to the patent in suit, within the part of the United States lying east of the Rocky Mountain states of Montana, Wyoming, Colorado, and New Mexico, stands in the name of Albert E. Dieterich, as trustee, for the sole benefit of plaintiff Alexander McLaren, and that the McLaren Products Company is the exclusive licensee under said letters patent in that part of the United States lying east of said Rocky Mountain states.

The complainants prayed that the bill might be taken as and for a bill supplemental to the bill in the original suit; that they might have the benefit of the judgment and decrees in said suit to the same extent as said original plaintiffs might or would have, had they not made the assignments and agreements hereinbefore set forth; and that they might continue the prosecution of the suit and have full benefit of any and all pleadings and proceedings taken therein and of all orders and decrees therein made. Leave to file this supplemental bill of complaint was given and subpœna issued to the defendant to appear and answer to the same. Service of the subpœna was made November 24, 1924, and on November 26, 1924, before any hearing upon the supplemental bill, the defendant filed his motion, from the denial of which this appeal has been taken. He claims that, because of the death of Fred G. Dieterich and the assignments hereinbefore stated, the original cause of action and the rights acquired thereunder have abated, and that this action should be remanded to the District Court, with instructions to dissolve the injunction and dismiss the original bill and the amended bill, in the nature of a supplemental bill.

[2] In support of his contention the defendant has cited Goss Printing Co. v. Scott (C. C.) 134 F. 880, and Automatic Switch Co. v. Cutler-Hammer Mfg. Co., 147 F. 250, 77 C. C. A. 176. Both of these cases recognize the right of a party in interest to revive, by a supplemental bill, an action which may have been abated or suspended by reason of an assignment by the original complainant of his right, title and interest in a patent of which infringement is alleged. This the complainants in their supplemental bill are seeking to do. That they are attempting to do this by a supplemental bill, to be taken as an amendment to the original bill, instead of filing an original bill, is immaterial, as the rights of the defendant can be as fully protected under the former as under the latter.

In F. A. Manufacturing Co. Inc. v. Hayden & Clemons, Inc. (C. C. A.) 273 F. 374, this court held that the assignment by a sole party plaintiff of his entire right in the subject-matter of a suit in equity did not abate the action, if it was of a nature that survived, but merely suspended it until the purchaser became a party to the litigation. In the present case there was no suspension of the action as to McLaren, for he was one of the original parties to the suit and is now before

the court. He has simply enlarged his beneficial interest in the patent by acquiring the interest of Bruckman. Albert E. Dieterich is the surviving member of the firm of Fred G. Dieterich & Co., which was an original party, and in this capacity claims to be a surviving trustee under the trust agreement by which said firm held the legal title to the patent in the suit.

We think it is unnecessary to decide whether as surviving member of the firm of Fred G. Dieterich & Co. he became also surviving trustee, as both of the beneficiaries under the trust have acquiesced in his acting in this capacity, and Bruckman has authorized and empowered him, as the surviving member of said firm, to transfer to McLaren his entire right, title, and interest under said trust instrument. Bruckman has also assigned to McLaren all his right, title, and interest in the said patent, together with all claims and demands, both in law and equity, which he then had or might have in said letters patent. This instruction and authorization to the surviving trustee, and also the assignment to McLaren, made by Bruckman on December 31, 1923, appear by a copy of the same filed with us.

There has also been filed with us a copy of an assignment executed by the American Cone & Wafer Company on the 22d day of March, 1923, of all its right, title, and interest in the patent in suit, including all claims and demands, both in law and in equity, for damages and profits accrued or to accrue on account of infringement of the same to which it is entitled as licensee.

[3, 4] The judgment of the District Court denying the motion to dissolve the injunction is affirmed, and while no final decree has been entered in the court below upon the supplemental bill, which the complainants were given leave to file, yet we have authority under section 129 of the Judicial Code (Comp. St. § 1121) to determine the case upon its merits and save both time and expense, which evidently both parties desired us to do, as they have argued the merits at length.

While the assignment of the American Cone & Wafer Company was not made until after the appeal from the final decree of the District Court dismissing the original bill had been entered in this court, and before its opinion was handed down, yet under F. A.

Mfg. Co. v. Hayden, supra, the McLaren Products Company can legally be substituted for the American Cone & Wafer Company. No complications can arise as to its legal right to all claims for damages for past as well as future infringements, because these pass under the assignment to it.

[5] While it is claimed by the defendant that the charter of the American Cone & Wafer Company was canceled by the state of Ohio for the nonpayment of taxes on February 15, 1924, as appears from the affidavit of Mr. Holton, yet counsel for the appellees has called our attention to section 11964 of the Ohio General Code, under which pending litigation is not discontinued or abated by such cancellation, and also to Gen. Laws Mass. 1921, vol. 2, c. 155, which in substance continues the corporate existence of a corporation for three years after dissolution "for the purposes of any suit brought by or against it within said period of three years." Section 51.

From the affidavit of Mr. Dieterich it appears that Frederick A. Bruckman, one of the original plaintiffs, has no further interest in the patent; that Alexander McLaren, an original party, has acquired his interest; that the McLaren Products Company has acquired the interests of the American Cone & Wafer Company; and that Albert E. Dieterich, as the surviving member of the firm of Fred G. Dieterich & Co., holds in trust for McLaren the legal title to the interest in the patent which was transferred and assigned to said firm in trust for McLaren and Bruckman.

The defendant has relied upon the allegations in the affidavits of Mr. Dieterich and Mr. Holton and those in the supplemental bill in support of his motion to dissolve the injunction, and does not contest the validity of the assignments alleged to have been made. We see no reason, therefore, why we should not decide that the complainants in the supplemental bill are entitled to be substituted for the plaintiffs in the original bill as prayed for, and we so decide.

The decree of the District Court is affirmed, and the action is returned to that court, with instructions to enter a decree granting the prayer of the complainants in the supplemental bill; the appellees to recover costs in this court.