# CHARLESTON.

ALCINDA HAYHURST *et al. v.* JAMES B. HAYHURST, *etc.*

(No. 5174)

Submitted May 5, 1925.    Decided January 19, 1926.

ABATEMENT AND REVIVAL—*On Abatement of Suit Because of Defendant's Death, Any Proceedings Therein Prior to Its Revival Affecting His Estate are Invalid.*

When a suit has abated, because of the death of the defendant, any proceedings therein prior to its revival, which affect his estate, are invalid.

(Abatement and Revival, 1 C. J. § 440.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Marion County.

Action by Alcinda Hayhurst and others against James B. Hayhurst, revived after the death of one of plaintiffs by joining the administrator and by scire facias against the administrator and heirs of defendant, who also died pendente lite. From a decree for plaintiffs, defendants appeal.

*Reversed and remanded.*

*James A. Meredith, L. C. Musgrave* and *Charles Powell,* for appellants.

*Shaw & Shaw,* for appellees.

HATCHER, JUDGE:

This is the second time an appeal in this case has been prosecuted in this court. Upon the former appeal a decree of the circuit court of Marion County, rendered on July 3, 1911, in favor of the plaintiffs for $1,080.58, was reversed for the reason that Millie Hayhurst, the widow of defendant James B. Hayhurst, had not been made a party. The decision of this court thereon was rendered February 4, 1913, and is reported in 71 W. Va. 735, which see for the proceedings had in the cause prior to the first appeal.

After the case was remanded to the circuit court, to-wit, at August, 1915, rules, an amended bill was filed making Millie Hayhurst a party defendant. The answer of Millie Hayhurst to the amended bill was filed January 27, 1920. Certain exceptions to this answer were noted by plaintiffs on February 7, 1920. On May 22, 1923, upon an *ex parte* appearance for the plaintiffs, the exceptions to the answer were withdrawn, a general replication to the answer was filed, and the cause submitted for decision. The court took time to consider. On October 18, 1923, the plaintiffs, again *ex parte,* presented certain documentary evidence to the court, who thereupon found and adjudged that the amount due plaintiffs from the estate of James Hayhurst was $1,080.58 as of March 14, 1910. The decree allowed interest on this sum from the date last mentioned, which increased the total amount found in favor of plaintiffs to $1,942.67. From the decree of October 18, 1923, the defendants appealed.

The decree complained of is based on the report of commissioner Lehman, to whom the cause was referred on January 30, 1906. The court had decreed on that date that James Hayhurst, who was the sole defendant, was indebted to the plaintiffs for certain personal property received by him from them and for the value of personal support which, under a contract with them, he should have furnished but had failed to furnish. The commissioner was directed to state an account showing the amount due the plaintiffs under this finding. The report was filed March 9, 1910, and stated that on July 31, 1906, the commissioner began to execute his duties, and that he adjourned his proceedings from time to time

until February 26, 1910, when he completed the report. Numerous items were found in favor of plaintiffs by the commissioner, who, after calculating interest thereon, reported that the total amount due the plaintiffs by James Hayhurst upon March 14, 1910, would be $1,189.92. Some minor corrections of the report were made by the Court in the decree of October 18, 1923, which reduced the sum found by the commissioner in favor of the plaintiffs to the said sum of $1,080.58. As corrected the report was confirmed.

The record shows that James Hayhurst died on September 16, 1907. Exceptions to the commissioner's report filed on March 9, 1910, allege that the attention of the commissioner was called to the death of the defendant immediately after it occurred. Offer was made to establish this fact by proof, but there being no denial, the court held on July 1, 1910, that the allegation relative to the death of James Hayhurst appearing in the exceptions to the report was sufficient proof thereof, and awarded a *scire facias* for the purpose of reviving the cause against the personal representatives and heirs of the decedent.

The record therefore affirmatively shows that, with knowledge of the death of the sole defendant, the commissioner continued for more than two years thereafter to perform his duties, and then completed his report without the cause being revived. It also shows that the circuit court, with knowledge that James Hayhurst had died pending the taking of the account by the commissioner, permitted the commissioner to file his report, when neither the heirs, the widow, nor the personal representatives of Hayhurst were before the court. A decree based on such proceedings is erroneous. Upon the death of a sole defendant in a suit in chancery the suit abates until his representatives are brought before the court. Hogg's Eq. Pr. par. 200; Daniels Chy. Pl. and Pr., Ch. 33, Sec. 1, p. 1486 (6th Am. Ed.); 5th Ency. Pl. and Pr., 790 and 840; 1 R. C. L. 21; Beach Mod. Eq. Pr., par. 481; Fletcher Eq. Pl. and Pr. 848. The effect of the abatement is to suspend all proceedings until the cause is properly revived. Hogg, *supra,* par. 199; Barton's Chy. Pr., par. 100; Beach, *supra,* par. 482. Story (Eq. Pl. Par. 354) describes such abatement as a "state

of suspended animation." Any proceedings had while a suit has thus abated, which affect the estate of a decedent, are invalid.

> "Where a suit abates or becomes defective by the death of a party, and is revived by his heirs, they are not bound by proceedings taken after his death, prior to revival." *Havens et al.* v. *Sea Shore Land Co., et al.,* 57 N. J. Eq. 142, 41 Atl. 755.

> "Pending a suit against a lunatic represented by his committee, the lunatic dies, the committee *ipso facto* becomes *functus officio* and the suit abates, and must be revived and proceed in the name of the lunatic's personal representatives and heirs; and all proceedings had after the lunatic's death and before such revival, are void." *Paxton* v. *Stuart et al.,* 80 Va. 873.

The report should not have been completed by the commissioner, or received or considered by the circuit court, until after the cause had been revived, and its decree based thereon must be set aside.

Taking this view of the case it is needless to discuss the other points of error raised. Attention of counsel may properly be called, however, to the important rule announced in point two of the syllabus of *York, Admr.* v. *Meek,* 96 W. Va. 427.

*Reversed and remanded*