## CARSON v. AMERICAN SMELTING & REFINING CO.

(Circuit Court of Appeals, Ninth Circuit. March 1, 1926.)

No. 4304.

Abatement and revival ⊂⇒41—Suit for infringement held not to abate on plaintiff patentee's assignment of patent and claim in trust for himself and others.

Suit for infringement, brought by patentee, *held* not to abate on his assigning in trust, for himself and others, of patent and claims for infringement, he remaining a proper, though perhaps a dispensable, party, so that there was always a proper party in interest before court.

In Equity. Suit by George Campbell Carson against the American Smelting & Refining Company. Decree for defendant was reversed. 4 F.(2d) 463. On motion of appellee to dismiss the suit or vacate the decree, and on motion of appellant to bring in new parties. Appellee's motion denied, and cause remanded, with leave to file supplemental bill, bringing in additional parties.

See, also, 11 F.(2d) 766.

John H. Miller, of San Francisco, Cal. (A. W. Boyken and Chas. S. Wheeler, Jr., both of San Francisco, Cal., of counsel), for appellant.

John C. Higgins, of Seattle, Wash., and Frederick P. Fish, of Boston, Mass. (George Donworth, of Seattle, Wash., Frederick P. Fish, of Boston, Mass., William K. White, of San Francisco, Cal., and Albert M. Austin, of New York City, of counsel), for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The original bill of complaint for infringement of the claims of two patents and for damages was filed in the court below on November 14, 1921. On February 1, 1923, and before the trial in that court, the plaintiff in the suit assigned in writing to one Robert Hays Smith a 25 per cent. interest in the patents in suit, and in all proceeds of the patents, litigation, and proceedings, including 25 per cent. of any and all recoveries, moneys, royalties, license fees, and other things of value, collected for or by the plaintiff in the premises, in consideration of certain advances to be made by the assignee to defray the expenses of the litigation, and to secure all parties in the performance thereof the plaintiff agreed to forthwith assign the patents and all the said proceeds thereof to John Henry Miller, in trust, to hold the same and all moneys realized therefrom, or from the litigation, or from the settlement or compromise thereof, and to distribute the same among the parties thereto, or to their assigns, in accordance with their respective interests as therein defined. On the following day the plaintiff executed a written assignment, wherein and whereby he transferred, assigned, and set over to Miller the two patents in suit, to have and to hold said patents, and all the proceeds and avails thereof, forever, in trust, nevertheless, for the following uses and purposes, that is to say: To hold said patents, and all proceeds and avails thereof, including all moneys, recoveries, royalties, license fees, and other things of value that may be realized therefrom, or from any litigation or interference based thereon, or settlements or compromises thereof, and to distribute the same as soon as realized, to the parties entitled

thereto, in accordance with the agreement of the previous day between the plaintiff and Smith, a copy of which was attached, in accordance with a certain other agreement of the same date between Smith and others, a copy of which was attached, and in accordance with such other agreements as any of the parties might thereafter make with any other person or persons, not inconsistent with the terms and conditions of the first-mentioned agreement. It was further agreed that the life of the trust should terminate upon the death of the last survivor of the parties thereto, and upon such termination the trustee, or his successor, should transfer and assign, to the parties entitled thereto, their respective interests in the patents, in absolute ownership.

Numerous assignments were thereafter made from time to time by different parties of different interests in and to the proceeds of the patents in litigation, and in and to all moneys, royalties, license fees, and other things of value collected for or by the plaintiff, but these assignments or transfers are not material to our present inquiry. On July 8, 1925, Carson, the plaintiff, assigned the two letters patent, and all right, title, and interest in and to the same and the inventions covered thereby, together with all claims, demands, and causes of action for past infringements thereof, wheresoever and by whomsoever committed, to the Carson Investment Company, a Nevada corporation, and authorized the substitution of the Carson Investment Company as plaintiff in his place and stead in all suits, actions, and proceedings theretofore instituted and then pending against infringers of the patents, or either of them. On August 18, 1925, Miller, the trustee, executed a similar assignment to the Nevada corporation. The latter recited that the assignment to Miller in trust was only a temporary expedient, and that a corporation was later to be formed to take over the patents; the parties in interest to receive stock, or voting trust certificates, in the corporation in proportion to their several interests in the trust. On the same day a further assignment to the Nevada corporation was executed by all the beneficiaries of the trust.

On March 27, 1923, after the assignment from the plaintiff in the suit to Miller, the case came on for hearing in the District Court, and on January 16, 1924, a final decree was entered dismissing the bill. An appeal therefrom was prosecuted to this court, where the decree was reversed. Carson v. American Smelting & Refining Co., 4 F.(2d) 463. After the reversal of the decree the appellee moved this court for an order requiring the appellant and his counsel to produce certain documents relating to the assignments above mentioned, and for an order dismissing the suit, or directing the court below to dismiss the same, or for an order vacating, or directing the court below to vacate, all proceedings had in the cause subsequent to the assignment of February 2, 1923. These motions were supported by affidavits showing that neither the appellee nor any of its officers, agents, or attorneys had notice or knowledge of the assignment until November 28, 1925. The documents called for by the first motion have been produced voluntarily, so with that motion we are not now concerned. The appellant has interposed a counter motion for an order substituting the Carson Investment Company, or such other person or persons as the court may deem proper, as plaintiff and appellant in the suit, or for a direction in the mandate authorizing and instructing the court below to entertain and grant such motion or such other relief as may be proper.

The effect of an assignment pendente lite by a sole plaintiff, suing in his own right, has been thus defined: " 'If a sole plaintiff, suing in his own right, assigns his whole interest to another, he is no longer able to prosecute the suit because he is without interest in the litigation. * * * The suit is completely suspended and cannot be proceeded in till it is revived, and all orders and proceedings pending such abatement will be considered nugatory. After such an abatement—i. e., one caused by an assignment of plaintiff's whole interest—the successor in interest, claiming by a title which may be litigated, may revive the suit by an original bill in the nature of a supplemental bill.' Thus the effect of such an assignment upon the pending suit in equity is distinguishable from the abatement of an action at law, 'where a judgment quod cassetur is entered. It is merely an interruption to the suit, suspending its progress until the new parties are brought before the court, and if this is not done at a proper time the court will dismiss the suit.' " 1 Hopkins on Patents, p. 811.

The rule there stated is amply supported by the authorities. Hoxie v. Carr, Fed. Cas. No. 6,802; Ecaubert v. Appleton, 67 F. 917, 15 C. C. A. 73; Pittsburgh, S. & N. R. Co. v. Fiske, 178 F. 66, 101 C. C. A. 560; F. A. Mfg. Co. v. Hayden & Clemons (C. C. A.) 273 F. 374, 377; Brewer v. Dodge, 28 Mich. 359; Daniell's Ch. Pl. & Pr. (6th Am. Ed.) p. 1499. And the rule is particularly applicable to suits for infringement, because, as

said by the Supreme Court in a recent case: "The presence of the owner of the patent as a party is indispensable, not only to give jurisdiction under the patent laws, but also in most cases to enable the alleged infringer to respond in one action to all claims of infringement for his act, and thus either to defeat all claims in the one action, or by satisfying one adverse decree to bar all subsequent actions." Independent Wireless Telegraph Co. v. Radio Corporation of America (decided January 11, 1926) 46 S. Ct. 166, 70 L. Ed. ——.

The rule can only be invoked, however, where there is a sole plaintiff and an assignment of his whole interest. It has no application, if only one of several plaintiffs assign, or if a sole plaintiff assigns less than his whole interest. If a sole plaintiff assigns his whole interest, the suit abates, and cannot be proceeded in until revived at the suit of the successor in interest by an original bill in the nature of a supplemental bill. In such cases all orders and proceedings in the suit after the assignment and before revivor are nugatory, and must be vacated. On the other hand, if there is more than one plaintiff, and only one assigns his interest, or if a sole plaintiff assigns less than his whole interest, there is still a competent party plaintiff before the court, the suit does not abate, new parties may be brought in by a supplemental bill, and the proceedings already had in the case are in no wise affected by the change.

Within the meaning of this rule the appellant contends that the suit did not abate for two reasons: First, because he did not assign his claim for damages for past infringements; and, second, because of the nature of the assignment itself. The first contention is evidently an afterthought and does not appeal to us. The substance of the different assignments has already been set forth, and need not be repeated here. Suffice it to say that the several assignments and the accompanying contracts were all executed to carry out a common purpose, and should be construed together, and when thus construed they leave little room to doubt that the appellant intended to, and did in fact, assign his claim for damages for past infringements, as well as the patents themselves. Conceding this, however, the assignee held the claim for damages, as well as the patents, in trust for the use and benefit of the several beneficiaries or cestuis que trustent. Had the assignment been made before the suit was commenced, the plaintiff as a beneficiary of the trust would have been a proper, though not an indispensable, party. 30 Cyc. 118; 39

Cyc. 457. And he remained a proper, though perhaps a dispensable, party after the assignment was made. There was, therefore, at all times a proper party in interest before the court, and it would seem that the suit did not abate as claimed.

We realize that the question here presented is by no means free from doubt, but the case has been fully tried in the court below, it has been fully heard in this court, the Supreme Court has denied a writ of certiorari, all parties in interest are in fact bound by the decree, and the ends of justice demand that the litigation should end here, unless the courts are compelled to vacate the decree and begin all over again, because of some inexorable rule of law.

The motion to dismiss and the motion to vacate will be denied, and the cause will be remanded, with leave to file a supplemental bill in the court below, bringing in such new and additional parties as that court may deem proper.

Let an order be entered accordingly.