## ACTIVATED SLUDGE, Inc., v. SANITARY DIST. OF CHICAGO.

Circuit Court of Appeals, Seventh Circuit.
May 16, 1929.

Rehearing Denied June 12, 1929.

No. 4091.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. This suit was begun in September, 1924, by Activated Sludge, Limited, an English corporation, and Edgar C. Guthard, its American licensee, to enjoin the infringement, by the Sanitary District of Chicago, of six letters patent belonging to plaintiffs. Defendant answered and filed a counterclaim seeking damages for fraudulent conduct growing out of the alleged misuse of said patent monopolies.

Both parties then sought and secured permission to take depositions abroad. In February, 1927, appellant herein purchased the patents in suit and then asked leave to file a supplemental bill of complaint. Its motion was denied. A verified petition was then presented asking leave to file a bill in the nature of a supplemental bill of complaint. On November 7th it was also denied. The original plaintiffs then moved for the same relief on the same petition and on January 23, 1928, the court entered the following order:

"(1) That petitioner, Activated Sludge, Inc., be joined as a party plaintiff in the above entitled cause.

"(2) That petitioner, Activated Sludge, Inc., have leave to file a bill herein in the nature of a supplemental bill of complaint.

"(3) That all parties hereto shall have the benefit of the original bill of complaint and of any and all pleadings and other proceedings in said suit subsequent to the filing of the said original bill of complaint.

"(4) That said suit henceforth shall proceed in the names of Edgar C. Guthard, Activated Sludge, Limited, and Activated Sludge, Inc., as plaintiffs.

"(5) That the defendant, the Sanitary District of Chicago, shall plead to the aforesaid bill in the nature of a supplemental bill of complaint as it may see fit within twenty days after the filing of this bill with the clerk of this court."

On the same day appellant filed "an original bill in the nature of a supplemental bill of complaint." On January 25, 1928, appellant filed, without leave of court, another original bill in the nature of a supplemental bill of complaint. Thereafter defendant moved to dismiss and strike this bill from the files, and the court made an order, the material portions of which read:

"It is hereby ordered that the Activated Sludge, Inc., 'Original Bill in the Nature of a Supplemental Bill of Complaint,' filed

Lynn A. Williams, of Chicago, Ill., for appellant.

Wallace R. Lane, of Chicago, Ill., for appellee.

herein without leave, on January 25, 1928, may be filed as of April 30, 1928, in lieu of 'Original Bill in the Nature of a Supplemental Bill of Complaint,' filed January 23, 1928, subject to the right of defendant to move to dismiss same, which motion to dismiss shall be filed by May 5, 1928, and said motion to dismiss is hereby set down for hearing at 10 o'clock A. M., Monday, May 7, 1928."

On May 5, 1928, defendant moved to dismiss the substituted bill assigning as grounds therefor plaintiff's failure to:

"(a) Carry forward and include the old parties plaintiff (who were defendants in the counterclaim).

"(b) State the supplemental matter with particularity and certainty.

"(c) Show and preserve the status of the counterclaim and the parties thereto.

"(d) Show title in either the new party or the old.

"(e) Set forth circumstances under which the new party can claim the benefit of the prior proceedings.

"(f) Show how the new party can inject itself as a party under the counterclaim, which is all that is left after the abatement of the suit of the original plaintiffs.

"(g) Show a cause of action."

Upon this motion appellant's bill was dismissed. The present appeal is from the decree of dismissal.

■ The order granting appellant permission to intervene as a party plaintiff and to file its bill of complaint was properly granted. Equity rule 37 (see 28 USCA § 723).

In view of the time and money expended in taking depositions abroad, it would have been an unfortunate exercise, if not an abuse, of discretion to refuse appellant permission to continue the suit. Richfield Oil Co. v. Western Machinery Co. (C. C. A.) 279 F. 852, 855; Denaro v. McLaren Products Co. (C. C. A.) 9 F.(2d) 328, 329; Carson v. American Smelting & Refining Co. (C. C. A.) 11 F.(2d) 764.

■ *Sufficiency of the original bill in the nature of a supplementary bill of complaint.* On this appeal the sole question for determination is the sufficiency of this bill.

The complaint of the original plaintiffs obviously stated a good cause of action for damages arising out of the alleged infringement of letters patent and for an injunction to prevent further infringements. The bill here under consideration with equal certainty and clarity sets forth the same cause of action. It describes the parties, alleges facts necessary to invoke jurisdiction of the federal court, sets forth the issuance by the United States government of the various letters patent sued upon, sets forth the transfers of title to said patents which transfers show appellant to be the owner thereof, alleges the assignment of the cause of action for damages for past infringements by the original parties plaintiff to appellant, and charges defendant with a refusal to cease infringements after demand.

■ Not only is a good cause of action stated, but we fail to see wherein defendant's rights have been prejudiced in any respect by the intervention of appellant as a party plaintiff. Appellee's counterclaim has been in no way impaired. Testimony taken by it under the original bill and answer may be used on the trial of this cause. The rights of all parties seem to be adequately preserved.

■ Appellee insists, however, that appellant has not properly named its pleading nor has it sufficiently set forth in its complaint the history of the proceeding prior to its entry into the litigation.

It would hardly seem necessary at this day and age to look to the title of any pleading to determine the sufficiency of its allegations. Appellant devoted much time in the District Court in an effort to become a party to this litigation. Whether it applied by motion supported by affidavits or by petition or by "an application" was quite immaterial. It was, upon the showing made, entitled to appear and prosecute the action. Having acquired the rights of the original parties to an apparently good cause of action and having acquired the title to the patents, which were being infringed by defendant, appellant should have experienced no difficulty in securing permission to proceed with the pending litigation.

Nor do we think it material what title the pleader affixed to his complaint. Equity rule 18 (see 28 USCA § 723).

■ Appellee's criticism that this bill did not set forth the allegations of the original bill, nor describe the proceedings taken under it, is answered by equity rule 35. See, also, Denaro v. McLaren Products Co. (C. C. A.) 9 F.(2d) 328. In view of the record which disclosed assignment of the cause of action sued on as well as the transfer of title to the patents from the original parties plaintiff to appellant, it would impose a useless burden upon plaintiff to ask it to restate these facts in its complaint. It was slavish devotion to precedent and form which accounts

for the earlier holdings which happily are no longer precedents because of equity rule 35.

However, appellant in its bill did correctly and in accordance with the requirements of the most punctilious pleader, properly entitle his pleading: "Original Bill in the Nature of a Supplemental Bill of Complaint." Likewise it inserted in the complaint the following paragraph.

"On or about September 19, 1924, plaintiffs Edgar C. Guthard and Activated Sludge, Limited, filed their bill of complaint for the infringement of the aforesaid patents by the Sanitary District of Chicago, the defendant herein. After an answer was filed by the defendant and due proceedings were had, much testimony relative to the question of the validity of the aforesaid patents was taken in the United States and in England as by the record herein will more fully and at large appear. This testimony was taken by plaintiffs and by defendant and represents the expenditure of a large amount of time and money and is material to the issues or touches upon matters involved in the present bill of complaint."

Likewise in its prayer for relief it prayed, among other things:

"(d) That all the parties hereto shall be allowed full benefit of all of the pleadings and proceedings herein, together with any and all testimony which has been taken thereunder."

It follows from the foregoing that the motion to dismiss the bill was improperly granted.

The decree is reversed, with costs, and the cause remanded, with direction to overrule appellee's motion to dismiss and to proceed further as provided by law.