## NATIONAL SURETY CO. OF NEW YORK v. COBB.
### No. 6794.

Circuit Court of Appeals, Fifth Circuit.
July 13, 1933.

Rehearing Denied Aug. 11, 1933.

Joseph H. Jackson and Alex F. Smith, both of Shreveport, La., for appellant.

Pike Hall, Marion K. Smith, and Hollingsworth B. Barret, all of Shreveport, La., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

From a judgment condemning it as surety for the Equitable Casualty & Surety Company of New York to pay a judgment of $25,-000 obtained by appellee against that company, the National Surety Company appeals.

Three claimed errors are relied on for reversal. Two of these, one complaining of the refusal of the court to order a new trial, the other, that the bond it signed did not cover obligations such as the judgment sued on, present nothing of substance. The first is directed to a matter within the discretion of the court, and the second is without the support either of an assignment of error or of any record facts to sustain it. These points are overruled. The third, that the Equitable Casualty & Surety Company was, when the suit was filed and the judgment entered, civiliter mortuus, it having been theretofore dissolved by a decree of a court of competent jurisdiction in the state of its creation, stands differently. It presents the seriously substantial point that when a corporation has been, pursuant to the statutes of the state of its incorporation, dissolved by a court of competent jurisdiction in that state, it is, unless the statutes of that state continue its corporate life for the purposes of suit, civilly dead, and no action can be thereafter maintained against it anywhere. Martyne v. Am. Union Fire Ins. Co., 216 N. Y. 183, 110 N. E. 502; Marion Phosphate v. Perry (C. C. A.) 74 F. 425, 33 L. R. A. 252; Thompson on Corporations (3d Ed.) §§ 6508, 6510, 6517, 6519, 6520; U. S. Truck Co. v. Pa. Surety Co., 259 Mich. 422, 243 N. W. 311; Hayhurst v. Hayhurst, 100 W. Va. 602, 131 S. E. 352; Rog-

ers v. Toccoa Power Co., 161 Ga. 524, 131 S. E. 517, 44 A. L. R. 534; White v. Tex. Motor Car & Supply Co. (Tex. Com. App.) 228 S. W. 138; Chevrolet Motor Co. v. Morris Auto Co. (Tex. Civ. App.) 269 S. W. 872; Denaro v. McLaren Prod. Co. (C. C. A.) 9 F.(2d) 328, 330.

From the stipulation, to which the judgment of the New York court is attached, it appears that on December 31, 1930, in the suit of the acting superintendent of insurance, brought pursuant to the insurance laws of New York, the Supreme Court of that state entered an order of liquidation vesting the superintendent with title to all the company's rights, actions, and properties, with authority to liquidate all claims against the company, enjoining all persons from bringing or further prosecuting any action at law or suit in equity against the corporation, and ordering that the corporate charter of the company be forfeited, surrendered, and annulled and the company dissolved. From this record it further appears that the suit against the Equitable Casualty & Surety Company was filed on April 24, nearly four months, and that it went to judgment on May 20, 1931, nearly five months, after the corporation had ceased to exist. Process in the suit was served on the Secretary of State who had theretofore, when the surety company had qualified to enter Louisiana, been duly designated as its agent for service.

 Section 2, chapter 650, Laws N. Y. 1929, General Corporation Law, as amended in 1929 (Ann. Supp. Cahill's Consolidated General Laws of New York), provides that stock corporations shall be either (1) a moneyed corporation; (2) a railroad corporation; (3) a transportation corporation; (4) a business corporation; or (5) a co-operative corporation. Section 3 of the same general laws provides "A 'moneyed corporation' is a corporation formed under or subject to the banking law or the insurance law." Section 6 of the act, formerly section 321, General Corporation Law 1909, chap. 28 (Consol. Laws, c. 23) declares: "If there be in any other corporate law a provision which conflicts with any provision of this chapter or of the stock corporation law, the provision of such other corporate law shall prevail, and the conflicting provision of this chapter or of the stock corporation law shall not apply in such case. If there be in any other corporate law a provision relating to a matter embraced in this chapter or in the stock corporation law; but not in conflict therewith, both provisions shall apply."

For many years the statutes of New York, under the title "Insurance Law" (Consol. Laws, c. 28) have contained specific provisions regulating insurance companies and particularly their liquidation by the Superintendent of Insurance, and their dissolution by the courts. Appellant urges that these laws contain no provision for extending for purposes of suit, the life of an insurance company whose affairs are in process of liquidation by the superintendent of insurance, and whose charter has been forfeited and its corporate life annulled. They say further that in 1930, when the charter of the Equitable Casualty & Surety Company was annulled, there was no general corporation law applicable to insurance companies providing for the continuance after dissolution, of their corporate life for purposes of suit. It says from this that the state court proceedings in Louisiana which resulted in the judgment sued on, are void, and that this fact may be effectively taken advantage of by it. White v. Texas Motor Car & Supply Co. (Tex. Com. App.) 228 S. W. 138; Nankivel v. Omsk, 237 N. Y. 150, 142 N. E. 569; O'Donoghue v. Boies, 159 N. Y. 87, 53 N. E. 537; Pendleton v. Russell, 144 U. S. 640, 12 S. Ct. 743, 36 L. Ed. 574; Marion Phosphate Co. v. Perry (C. C. A.) 74 F. 424, 33 L. R. A. 252. Appellee, citing State of Washington ex rel. Bond & Goodwin & Tucker v. Super. Ct. of Wash., 53 S. Ct. 624, 77 L. Ed. ——, insists that regardless of the effect upon the life of the company in New York, of its dissolution there, the designation by it of an agent in Louisiana for the purposes of suit made it continuously amenable to suit there as to all matters there transpiring and that neither the withdrawal from the state nor the dissolution in its own state, affected the designation. It argues, citing Federico Macaroni Mfg. Co. v. Great Western Fire Ins. Co., 173 La. 905, 139 So. 1, 79 A. L. R. 1256; The Fair v. Am. Union Fire Ins. Co., 135 La. 48, 64 So. 977, that the appointment of a receiver in the home state does not revoke such designation. It says further, that section 29, chap. 650 concerning the dissolution of "any corporation" by the comprehensiveness of its terms includes insurance companies and operates to extend the life of such companies after their dissolution for the purposes of suit.[1]

---

[1] Section 29, ch. 650, General Corporation Law is as follows:
"Upon the dissolution of any corporation, its directors, unless other persons shall be designated by law, or by a court of competent jurisdiction, shall be the trustees for its creditors, stockholders or members, and shall have full power to settle its

We think appellee is mistaken both as to the operation and effect upon insurance companies of the dissolution provision of the General Corporation Laws, and of the decisions invoked by them. The Bond & Goodman Case decided no more than that a foreign corporation, designating an agent for service on it under a statute thus conditioning its admission, was bound by the terms of the designation and the statute, and that it could not, by withdrawing from the state, revoke the agency. This accords with the rule prevailing generally in the states. It did not attempt to decide that a dissolution, in the absence of a statute continuing corporate life, did not effect the civil death of the corporation so as to prevent suits against it. The Louisiana cases cited dealt with the effect, not of dissolution, but of receivership, and correctly denied to a receivership in another state the effect of a dissolution there. The case before us is not one of receivership, but of a complete annulment of corporate life by a judgment entered as a part of a liquidation proceeding under the laws of the state which gave the corporation life. Section 63 of the Insurance Law of New York, as amended, under which these proceedings were had, provides for liquidation proceedings by the superintendent, vesting in him full title to the property, rights, and credits of the company and conferring upon him complete authority to liquidate it. This section authorizes comprehensive injunctions against suits or proceedings on the part of the corporation, its officers, or any other persons, to interfere with or obtain judgments against the corporation. It authorizes the court to dissolve it and to annul its charter. These provisions are wholly inconsistent with section 29 of the General Corporation Law on which appellee relies. This section provides that upon the dissolution of any corporation its directors shall be trustees and shall have power to settle its affairs, together with power in the corporate name to transfer and convey its property, and to sue and be sued.

This statute does not in terms continue the life of any corporation for the purposes of suit, much less an insurance company. It makes the directors trustees, whereas the insurance statute vests the power to liquidate in the insurance superintendent. Section 29 authorizes suit to be brought against the trustees in the name of the corporation. The insurance laws enjoin all suits against the corporation, and provide for liquidation through the superintendent. Assuming that section 29 does have the effect of continuing the life of corporations for purposes of suit, though this is questionable, cf. Marstaller v. Mills, 143 N. Y. 398, 38 N. E. 370; Cunningham v. Glauber, 133 App. Div. 10, 117 N. Y. S. 866, for this statute, unlike that existing before 1929 and restored by the amendment of 1932, does not provide in terms that upon the dissolution of a corporation for any cause, voluntary or involuntary, its corporate existence shall continue for the purpose of paying existing obligations, and it may sue and be sued in its corporate name, Cunningham v. Glauber, supra. City of N. Y. v. N. Y. and So. Brooklyn Ferry Co., 104 Misc. 438, 172 N. Y. S. 495; Sanitary Brass Works v. Rubin & Marcus, 110 Misc. 565, 180 N. Y. S. 619; Shayne v. Evening Post Pub. Co., 168 N. Y. 70, 61 N. E. 115, 55 L. R. A. 777, 85 Am. St. Rep. 654, we think it perfectly clear that under section 6 of the General Corporation Laws this is a case in which the generality in terms of the statute is ruled by its inconsistency with the provisions of the insurance laws so as to make it inapplicable to insurance corporations. We think it equally clear that dissolution under the insurance laws brings about the civil death of the corporation, and that suits thereafter brought and judgments thereafter obtained upon service on statutory agents designated in other states are nullities. No New York case deciding the precise question has been called to our attention; we have found none. We have, however, found cases from other states which support the view we take. In Martyne v. Am. Fire Ins. Co., supra, it is said that the insurance laws of New York are substantially the same as those of Pennsylvania. In U. S. Truck Co. v. Pa. Surety Co., 259 Mich. 422, 243 N. W. 311, 312, the Supreme Court of Michigan held that after the dissolution of an insurance company in Pennsylvania and the appointment of the superintendent of insurance as statutory liquidator an insurance suit could not be brought in personam against the dissolved corporation in Michigan by service on the commissioner. It was there said: "Dissolution of a corporation is governed by the laws of the state of its charter. * * * Full faith and credit must be given the decree of

---

affairs, collect and pay its outstanding debts, and distribute to the persons entitled thereto the assets remaining after payment of debts and necessary expenses.

"The provisions of sections twenty-seven and twenty-eight shall apply to the meetings and acts of the trustees.

"Such trustees shall have power in the corporate name by one or more of their number thereunto designated to transfer and convey its property, and may sue and be sued in such name. They shall jointly and severally be accountable to its creditors, stockholders or members, for the property which shall come into their possession."

the court of common pleas in the respects: (a) That defendant corporation was dissolved by the decree; and (b) that the insurance commissioner of Pennsylvania took and holds title to the corporate property, not as an ordinary receiver, but as a quasi assignee of the corporation by force of statute, entitled of right to defend or sue in its stead in actions in other states."

The Supreme Court of Pennsylvania, in Burns v. Niagara Life Ins. Co., 279 Pa. 453, 124 A. 128, in passing upon an effort to sue in Pennsylvania by serving the commissioner there, an insurance company which had been dissolved in New York, held that the suit would not lie. There the court directly decided the question presented here. It held that where a decree of a New York court provided that the defendant corporation was dissolved and its charter forfeited and annulled, thereafter service on the insurance commissioner of Pennsylvania was invalid; the life of the corporation having ceased as of the date of the dissolution decree.

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

On Rehearing.

PER CURIAM.

The motion for rehearing is overruled. In deference however, to the just criticism of the statement in the opinion, "The Louisiana cases cited dealt with the effect, not of dissolution, but of receivership, and correctly denied to a receivership in another state the effect of a dissolution there," we withdraw the sentence, substituting therefor the following:

Neither of the Louisiana cases cited dealt with the effect of insolvency proceedings in another state, upon the suability of the company in Louisiana in a suit purely in personam, but only with the contention unsuccessfully made in the State of Washington Case, supra, that the proceedings had revoked the designation. It was not contended in the Fair Case that the proceedings in Pennsylvania had effected the civil death of the company.

There was, too, in the Fair Case an attachment upon property as well as service upon the insurance commissioner. In the Federico Co. Case, the point argued and decided was whether insolvency proceedings in another state, of which the insured had no notice, had operated, as to an after-occurring loss, to cancel a policy upon which the insured had been relying as in force.