## THE CARLO POMA.*

(Circuit Court of Appeals, Second Circuit. May 14, 1919.)

No. 234.

INTERNATIONAL LAW ⬥⟶10—ADMIRALTY—JURISDICTION IN REM—VESSELS OF FOREIGN SOVEREIGN.

A vessel owned and operated by a foreign sovereign is exempt from seizure on process in rem from an admiralty court of the United States.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Guiseppe Cavallaro against the steamship Carlo Poma; the Kingdom of Italy, claimant. From an order staying execution of process, libelant appeals. Affirmed.

Harrington, Bigham & Englar, of New York City (D. Roger Englar, of New York City, of counsel), for appellant.

Burlingham, Veeder, Masten & Fearey, of New York City (Van Vechten Veeder, of New York City, of counsel), for the Carlo Poma.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge. This is a libel filed against the Italian steamer Carlo Poma by Cavallaro, the shipper of 10,712 boxes of lemons from Messina to New York, delivered in a damaged condition, owing as alleged to negligence in loading, stowage, custody, and care, as well as to unseaworthiness of the steamer.

The Italian Ambassador suggested to the court:

"Count V. Macchi Di Cellere, Ambassador of the Kingdom of Italy to the United States of America, through Burlingham, Veeder, Masten & Fearey, proctors appearing specially for the Italian Steamship Carlo Poma, respectfully suggests to the District Court of the United States for the ———— District of New York, that said steamship Carlo Poma at all the times mentioned in the libel was, and now is, owned by the government of the Kingdom of Italy, being registered in the name of the Italian State Railways, a branch of said government, and in the possession of the government of the Kingdom of Italy, in the person of a master employed and paid by said government, and wholly manned and operated by a crew employed and paid by said government, which said steamship is to transport back to Italy a cargo belonging to the government of the Kingdom of Italy.

"Wherefore, it is respectfully suggested and prayed that said steamship be released from any seizure made and declared immune from process.

"Done at the Embassy of the Kingdom of Italy. Washington, D. C., September ——, 1918.

"[Seal Italian Embassy.]                         Macchi Di Cellere."

This suggestion was accompanied by the following certificate from the Secretary of State:

"To All to Whom These Presents shall Come—Greeting:

"I certify that Count V. Macchi Di Cellere, whose name is subscribed to the paper hereto annexed, is duly accredited to this government as Ambassador Extraordinary and Plenipotentiary from the Kingdom of Italy.

"In testimony whereof, I, Robert Lansing, Secretary of State, have hereunto caused the Seal of the Department of State to be affixed and my name

⬥⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari granted 250 U. S. ——, 40 Sup. Ct. 14, 64 L. Ed. ——.

subscribed by the chief clerk of the said department, at the city of Washington this 26th day of September, 1918.

"[Seal.]              Robert Lansing, Secretary of State,
                           "By Ben. G. Davis, Chief Clerk.

"For the contents of the annexed document the department assumes no responsibility."

Proctors for the Kingdom of Italy, appearing specially, moved for an order staying the execution of process. This is an appeal from the order of Judge Hough granting the motion.

That the suggestion was sufficient proof of the statements contained in it is not seriously contested. We accept it as verity.

We are concerned in this case only with property of a foreign sovereign. The appellant contends that a vessel of a foreign sovereign not being a war vessel or at the time performing public duties but engaged in carrying cargo commercially is not entitled to immunity from suit. The English courts go the whole way in refusing process against property of a foreign sovereign under any circumstances. This because of the international comity due from one sovereign to another. The Parlement Belge, Law Reports, 5 P. D. 197; The Jassy (1906) P. 270.

The law of the United States is the same, except that the immunity of property of a sovereign, whether the United States or a foreign sovereign, depends, not merely upon the ownership, but also upon the actual possession by the sovereign of the property at the time process is served. The Davis, 10 Wall. 15, 19 L. Ed. 875; Long v. The Tampico (D. C.) 16 Fed. 491; The Attualita, 238 Fed. 909, 152 C. C. A. 43.

This general rule of law is not affected by the consideration suggested by the appellant that the United States has by section 9 of the United States Shipping Act of September 7, 1916, c. 451, 39 Stat. 730 (Comp. St. § 8146e), provided:

"* * * Every vessel purchased, chartered, or leased from the board shall, unless otherwise authorized by the board, be operated only under such registry or enrollment and license. Such vessels while employed solely as merchant vessels shall be subject to all laws, regulations, and liabilities governing merchant vessels, whether the United States be interested therein as owner, in whole or in part, or hold any mortgage, lien, or other interest therein. * * *"

The vessels referred to are such as are operated, not by the government, but by persons who have "purchased or leased or chartered" them from the government. The language of section 11 (Comp. St. § 8146f) confirms this view:

"Sec. 11. That the board, if in its judgment such action is necessary to carry out the purposes of this act, may form under the laws of the District of Columbia one or more corporations for the purchase, construction, equipment, lease, charter, maintenance, and operation of merchant vessels in the commerce of the United States. * * * The board, with the approval of the President, may sell any or all of the stock of the United States in such corporation, but at no time shall it be a minority stockholder therein: Provided, that no corporation in which the United States is a stockholder, formed under the authority of this section, shall engage in the operation of any vessel constructed, purchased, leased, chartered, or transferred under the authority of this act unless the board shall be unable, after a bona fide effort, to contract with any person a citizen of the United States for the purchase, lease, or

charter of such vessel under such terms and conditions as may be prescribed by the board."

Process against such vessels would not disturb the possession of the government.

It follows from these principles that the order appealed from was right. Similar conclusions have been reached by district judges in this circuit. Judge Veeder in the case of The Pampa (D. C.) 245 Fed. 137; Judge Mayer in the case of The Maipo (D. C.) 252 Fed. 627; and Judge Hough as to the same steamer, February 21, 1919.

The order is affirmed.