# THE CARLO POMA.[1]

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 167.   Argued January 26, 27, 1921.—Decided February 28, 1921.

An appeal does not lie to the Circuit Court of Appeals from a final decree of the District Court releasing a vessel upon the ground that its ownership and possession by a foreign power place it beyond the

-------

[1] The docket title of this case is: *Cavallaro* v. *Steamship " Carlo Poma," Her Engines, etc.; Kingdom of Italy, Claimant.*

jurisdiction in admiralty. Jud. Code, §§ 128, 238. *The Pesaro,* *ante,* 216.

259 Fed. Rep. 369; decree vacated with direction to dismiss appeal from District Court.

THIS was certiorari to review a decree of the Circuit Court of Appeals affirming a decree of-the District Court, in admiralty, which dismissed a libel *in rem.* The case is stated in the opinion.

*Mr. Oscar R. Houston* and *Mr. Harold V. Amberg,* with whom *Mr. D. Roger Englar*-was on the brief, for petitioner.

*Mr. Van Vechten Veeder* for respondent.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This case is much like that of *The Pesaro, ante,* 216. The only difference requiring notice is that the appeal in that case was to this court while in this it was to the Circuit Court of Appeals, which rendered a decree of affirmance. 259 Fed. Rep. 369. A writ of certiorari brings that decree here for review. 250 U. S. 656.

The question raised and decided in the District Court was whether, sitting as a court of admiralty, it could entertain a suit *in rem* against a ship such as the *Carlo Poma* was represented to be in the suggestion of the Italian Ambassador. That was a jurisdictional question in the sense of § 238 of the Judicial Code. *The Pesaro, supra.* The court resolved it in the negative and accordingly released the ship from arrest, thereby disposing of the suit adversely to the libelant.

From that decree an appeal did not lie to the Circuit Court of Appeals, but only to this court. Such is the effect of the statute, Jud. Code, §§ 128, 238, defining and regulating the appellate jurisdiction of this court and of the Circuit Court of Appeals, as is pointed out in *United*

*States* v. *Jahn*, 155 U. S. 109, 114. In that case, after an extended review of the statute, it was said: "If the jurisdiction of the Circuit Court [now District Court] is in issue and decided in favor of the defendant, as that disposes of the case, the plaintiff should have the question certified and take his appeal or writ of error directly to this court."

As therefore the decree in the District Court was not open to review by the Circuit Court of Appeals, we must vacate the latter's decision and remand the case to it with a direction to dismiss the appeal. See *Union & Planters' Bank* v. *Memphis*, 189 U. S. 71, 73–74; *Carolina Glass Co.* v. *South Carolina*, 240 U. S. 305, 318.

*Decree of Circuit Court of Appeals vacated with direction to dismiss appeal from District Court.*