Claude M. Nankivel et al., Respondents, *v.* Omsk All Russian Government, Defendant.

Kidder, Peabody & Company, Appellants.

**Jurisdiction — foreign governments — validity of judgment against government which had ceased to exist prior to service of summons — agency of representative ended when his principal became extinct — dissolution of states — when third parties in supplementary proceedings may raise question of validity of judgment.**

1. The defendant, Omsk All Russian Government, was created in November, 1918, and driven out of all regional control not later than March, 1920. It was not a subordinate state nor a civil division of the Soviet Republic. It was either a *de facto* government, and, therefore, sovereign in character, or it was a mere aggregation of robbers and murderers, outside the protection of the laws of war. When its leaders failed in their endeavors to establish themselves permanently;

when armed forces defeated its armies, overran its territory, executed and drove into exile its leaders, its sovereignty ceased, and it utterly perished.

2. So long as it maintained an independent existence it was immune from suit for its governmental acts in our courts without its consent. When it was extinguished by conquest, it became, so far as its continued corporate existence is concerned, as if it had never existed. Whether alive or dead no valid judgment could be obtained against it.

3. A judgment, therefore, entered by default, in an action alleged to have been commenced April 12, 1922, by service of the summons and complaint upon the attaché in the United States of a former Russian government, is void. If the attaché was ever the financial agent of defendant his agency ended when his principal became extinct.

4. Nor can the judgment be sustained upon the theory that it does not appear necessarily on the record that defendant was sued as a sovereign state or as anything more than a foreign corporation which has suspended its operations but has not been dissolved. A state is not a trading corporation which may be dissolved by judicial process. States may cease to exist when they are conquered by the enemy. A *de facto* government exists only as it governs.

5. Third parties in supplementary proceedings, being affected by the judgment, have a right to ask that its nullity be officially declared.

*Nankivel* v. *Omsk All Russian Government*, 203 App. Div. 740, reversed.

(Argued November 19, 1923; decided December 4, 1923.)

APPEAL, by permission, by third parties from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 22, 1922, which affirmed an order of Special Term denying a motion to vacate an order for the examination of defendant in supplementary proceedings.

The following questions were certified:

" 1. Is the judgment of the New York Supreme Court herein, which was rendered against defendant Omsk All Russian Government upon default in appearance, void by reason of the facts alleged in the verified complaint respecting the status of the defendant and the nature of the cause of action therein set forth?

" 2. Does the fact that service of the summons and verified complaint was made only upon the alleged managing agent of defendant within the state, who at the time of the service thereof was the financial attaché to the Russian embassy in the United States duly recognized as such by the government of the United States, render void the judgment herein entered upon such service?

" 3. Does the record on appeal present facts, or have the courts judicial knowledge of facts, respecting the existence of the defendant Omsk All Russian Government, which show that prior to the commencement of the action in which the judgment herein was entered, said defendant had so totally ceased to exist as to render void the judgment entered against it in the action thereafter commenced?

" 4. Is a third party entitled upon motion to have vacated and set aside an order for its examination in proceedings supplementary to execution upon a judgment of the New York Supreme Court rendered by. default against a non-appearing defendant, if such third party shows such judgment to be void by facts appearing upon the face of the record of the action in which such judgment was rendered?

" 5. Is a third party entitled, upon motion, to have vacated and set aside an order for its examination in proceedings supplementary to execution upon a judgment of the New York Supreme Court, rendered by default against a non-appearing defendant, if such third party shows such judgment to be void by facts outside the record of the action in which such judgment was rendered but not in contradiction of such record?

" 6. Is a third party entitled upon motion to have vacated and set aside an order for its examination in proceedings supplementary to execution upon a judgment of the New York Supreme Court, rendered by default against a non-appearing defendant, if such third party shows such judgment to be void by facts outside the

record of the action in which such judgment was rendered and in contradiction of such record?

" 7. Is the judgment upon which the proceedings supplementary to execution herein are based void, by reason of any of the facts presented by the record on appeal or within the judicial knowledge of our courts?

·" 8. If so, is the third party in these supplementary proceedings entitled upon motion to have vacated and set aside the order for its examination herein by reason of such invalidity?

".9..Is a direction in a subpœna *duces tecum* in supplementary proceedings valid, which requires a third party to produce ,upon examination in such proceedings all documents, accounts, papers, checks, vouchers and letters dealing· with or in any way connected with accounts standing in the name of " Serge Ughet, Russian Financial Attaché, Account Transfers," or of " Serge Ughet, Russian Financial Attaché, Account Loan," said Serge Ughet .at the time being the financial attaché to the Russian Embassy duly recognized as such by the government of the United States?

" 10. Is a third party in proceedings supplementary· to execution entitled upon motion to have set aside and declared null and void and of no effect the service of a subpœna *duces tecum* which requires such third party to produce *inter alia,* upon the examination all documents, accounts, papers, .checks, vouchers and letters dealing with or in any way connected with accounts standing in the name of " Serge Ughet, Russian Financial Attaché, Account Transfers," or of " Serge Ughet, Russian Financial Attaché, Account Loan," said Serge Ughet at the time being the financial attaché to the Russian Embassy duly recognized as such by the government of the United States? " ·

*Frederic R. Coudert* and *Mahlon B. Doing* for appellants. The judgment obtained, upon which these proceedings .

**154**   NANKIVEL *v.* OMSK ALL RUSSIAN GOVERNMENT.

are based, was and is void and a nullity, for the reason that a foreign *de facto* unrecognized government, so called, is not suable under our law. (*Wulfsohn* v. *Russian Socialist Federated Soviet Republic*, 234 N. Y. 372; *Russian Socialist Federated Soviet Republic* v. *Cibrario*, 235 N. Y. 255; *De Simone* v. *Transportes Maritimos*, 200 App. Div. 82; *The San Vicenti*, 281 Fed. Rep. 111; *Rosaly* v. *Porto Rico*, 227 U. S. 270; *Beers* v. *Arkansas*, 20 How. [U. S.] 527; *Clark* v. *Barnard*, 108 U. S. 436; *Porto Rico* v. *Ramos*, 232 U. S. 627; *Richardson* v. *Fajardo Sugar Co.*, 241 U. S. 44; *The Parlement Belge*, L. R. [5 P. D.] 197.) Even if such a so-called government could have been sued at any time in our courts, the judgment upon which these proceedings are based was and is void and a nullity for the reason that it is within the judicial knowledge of this court, and in addition is proved as a fact herein, that the so-called Omsk All Russian Government was out of existence and totally defunct at the time of the commencement of such action and of the entry of judgment therein, thus rendering it impossible to serve process upon any one as its alleged agent or to obtain a valid judgment against it. (*Swinnerton* v. *Columbia Ins. Co.*, 37 N. Y. 174; *N. Y. Zinc Co.* v. *Industrial Comm.*, 292 Ill. 598; *Roy Realty Co.* v. *Altman & Co.*, 194 App. Div. 43; *Rosenblatt* v. *Josephson*, 172 N. Y. Supp. 719; *Schlein* v. *Public Nat. Bank*, 180 N. Y. Supp. 128; *Oetjen* v. *Central Leather Co.*, 246 U. S. 297.) Appellants, third parties in proceedings supplementary to execution, are entitled to have vacated and set aside upon motion the order for their examination herein, upon proof of the invalidity of the default judgment upon which the proceedings are based, whether the facts establishing such invalidity appear upon the face of the record of such judgment, or merely *dehors* such record, or even in contradiction thereof. (*Matter of Stewart*, 39 Misc. Rep. 275; 86 App. Div. 627; 177 N. Y. 558; *Griffen* v. *Dominguez*, 2 Duer, 656; *Hildreth* v. *Seeback*, 18 Misc. Rep. 387;

*Gillespie* v. *Armstrong,* 58 Misc. Rep. 310; *Simon* v. *Underwood,* 61 Misc. Rep. 369; *Matter of Karpolinski,* 84 Misc. Rep. 96; *Roscoe Lumber Co.* v. *Payne,* 149 N. Y. Supp. 331; *Doey* v. *Howland Co.,* 224 N. Y. 30; *O'Donoghue* v. *Boies,* 159 N. Y. 87; *Goldberg* v. *Levine,* 199 App. Div. 292.)

*George Zabriskie* and *William E. Sims* for respondents. Defendant is not immune from suit. (*The Charkieh,* L. R. [4 Adm.] 59; *Duff Div. Co.* v. *Kelantan Government,* [1923] 1 Ch. 385; *Schooner Exchange* v. *M'Faddon,* 7 Cranch, 116; *The Santissima Trinidad,* 7 Wheat. 283; *R. S. F. S. Republic* v. *Cibrario,* 198 App. Div. 869; *Jones* v. *United States,* 137 U. S. 202; *Agency of Canadian Car & Foundry Co., Ltd.,* v. *American Can Co.,* 258 Fed. Rep. 363; *Luther* v. *Sagor,* [1921] 3 K. B. 532; *Parlement Belge,* L. R. [5 P. D.] 197; *Underhill* v. *Hernandez,* 198 U. S. 250.)

POUND, J. The primary question is as to the validity of a judgment for $96,392.38 entered by default in Supreme Court, New York county, on May 9, 1922, against Omsk All Russian Government in an action brought to recover the value of certain automobiles requisitioned and seized by it within its territory during the months of December, 1918, and January, February and March, 1919. The summons and complaint were delivered on April 12, 1922, in New York, to Serge Ughet, said to be the managing agent of defendant.

Appellants resist an order for their examination in supplementary proceedings in aid of the execution issued on the judgment and a subpœna *duces tecum* accompanying it, on the ground that they rest on a void judgment, *first,* because the defendant, sued as a *de facto* government, was immune from suit, and, *secondly,* because at the time the judgment was entered it had ceased to exist as a government.

The complaint alleges: " Defendant, at all the times herein mentioned was and it now is a foreign corporation being a *de facto* government, which has never been recognized by the government of the United States as a lawfully constituted and existing government." It is a matter of common knowledge and the moving papers establish the fact that if the Omsk All Russian Government was at any time even a *de facto* government in the international sense, it was created as such with Admiral Kolchak at its head at Omsk in November, 1918, and recognized by General Seminoff and his forces at Vladivostok, and thereafter driven out of all regional control by the Bolshevik government, not later than March, 1920.

During its ephemeral and disastrous career, it asserted its authority over a portion of the inhabitants of the former Russian Empire who had, after the debacle, separated themselves from the central government and established an independent sovereign government over a limited territory in Siberian Russia. It was not a subordinate state nor a civil division of the Soviet Republic. It was either what plaintiffs choose to call it, a *de facto* government, and, therefore, sovereign in character, or it was a mere aggregation of robbers and murderers, outside the protection of the laws of war. When its leaders failed in their endeavors to establish themselves permanently; when the armed forces of the Soviet government defeated its armies, overran its territory, executed Kolchak and drove Seminoff into exile, its sovereignty ceased and the Omsk All Russian Government utterly perished. Whether alive or dead, no valid judgment could be obtained against it.

"At the time of the rendition of the judgment it had neither legal existence, capacity to be sued, nor any property against which a judgment could be enforced." (*People* v. *Knickerbocker Life Ins. Co.,* 106 N. Y. 619, 623.)

So long as it maintained an independent existence, it

was immune from suit for its governmental acts in our courts without its consent. Lack of recognition by the United States government, we have recently held, does not permit an individual suitor to bring a *de facto* government before the bar. (*Wulfshon* v. *Russian S. F. S. Republic*, 234 N. Y. 372.) To sue a sovereign state is to insult it in a manner which it may treat with silent contempt. It is not bound to come into our courts and plead its immunity. It is liable to suit only when its consent is duly given. (*Porto Rico* v. *Rosaly*, 227 U. S. 270.) When defendant was extinguished by conquest, it became, so far as its continued corporate existence is concerned, as if it had never existed. (*Williams* v. *Bruffy*, 96 U. S. 176, 185.)

Respondents now urge that it does not appear necessarily on the record that defendant was sued as a sovereign state or as anything more than a foreign corporation; that the words of the complaint, " *de facto* government, not recognized by the United States," were mere words of description and surplusage. They liken the Omsk government to an ordinary business corporation which has suspended its operations but has not been dissolved as private corporations are dissolved. But lack of recognition obviously was pleaded on the theory that immunity comes only with recognition and the analogy is fallacious. A state is not a trading corporation which may be dissolved by judicial process. States may cease to exist when they are conquered by the enemy. A *de facto* government exists only as it governs. The fact that General Seminoff while in the Tombs prison in New York, under an order of arrest in 1922, was recognized by other exiles as commander in chief of the Russian eastern border region furnishes no evidence that a person or a foot of territory was then subject to the sovereign power of the Omsk government.

So when this action was begun on April 12, 1922, no Omsk All Russian Government in any corporate sense

was in existence. If Ughet, the Russian attaché in the United States of the Kerensky government, to whom the summons and complaint were delivered, was ever its financial agent, his agency had ended when his principal became extinct.

Respondents contend that these objections may not be raised by third parties. We think the necessities of the case compel an opposite conclusion. As an existing government, defendant was not called upon to plead its immunity. The dead government could not plead its own demise in abatement of the action. * It could not by default admit its own existence. The fact of such existence could not be litigated in the action. Acquiescence will not be inferred from the silence of the dead. The judgment was void. (*Pendleton* v. *Russell*, 144 U. S. 640, 644.) Appellants are affected by it and have a right to ask that its nullity be officially declared. (*O'Donoghue* v. *Boies*, 159 N. Y. 87.)

Ten questions are certified for our consideration. One only, the third, need be answered: " Does the record on appeal present facts, or have the courts judicial knowledge of facts, respecting the existence of the defendant Omsk All Russian Government, which show that prior to the commencement of the action in which the judgment herein was entered, said defendant had so totally ceased to exist as to render void the judgment entered against it in the action thereafter commenced? "

The orders should be reversed, with costs in all courts. Motion granted, with ten dollars costs. Third question certified answered in the affirmative. Other questions not answered.

Hiscock, Ch. J., Hogan, Cardozo, McLaughlin, Crane and Andrews, JJ., concur.

Orders reversed, etc.