## AYER–KEMPTON CORPORATION v. AYER–O'DONNELL MFG. CO. et al.

(Circuit Court of Appeals, Second Circuit. April 15, 1924.)

No. 305.

Appeal and error ⊜⟹1177(6)—Dismissal, based on erroneous conception of question presented, held to require reversal.

Where real question presented was court's jurisdiction to grant relief prayed for, but court dismissed bill for want of proper service, *held* that, as Circuit Court of Appeals was without power to review, if jurisdiction were denied below, decree must be reversed, with directions to grant rehearing.

Appeal from the District Court of the United States for the District of Connecticut.

Suit in equity by the Ayer-Kempton Corporation against the Ayer-O'Donnell Manufacturing Company and others. From a decree dismissing the bill, plaintiff appeals. Reversed and remanded, with directions.

Samuel B. King, of Chicago, Ill., and S. C. Morehouse, of New Haven, Conn., for appellant.

George G. King, of Chicago, Ill., and William W. Gager, of Waterbury, Conn., for appellees Central Trust Co. and Earl K. Stitt.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. Having directed reversal of decree in open court, this memorandum is filed for the record.

The decree appealed from finally dismisses the bill "for failure to make proper service." In any sense of that word there is no fault to be found with the service. The real question presented by the record, and perhaps intended to be decided, is not one of service, but of jurisdiction, viz.: Did the District Court, as a court of the United States, possess power to grant the relief prayed for in favor of plaintiffs and against defendants, or any of them? But this question we have no power to review, if jurisdiction be denied below; and, if we passed the case on to the Supreme Court, that tribunal would find in the record a decree which merely erroneously decided a point of practice.

Therefore let the decree be reversed, without costs, and the cause remanded, with directions to grant a rehearing, either upon the findings already made by Goddard, J., or upon new evidence, as the lower court may prefer. Before decision is again reached, it would be well to consider The Carlo Poma, 255 U. S. 219, 41 Sup. Ct. 309, 65 L. Ed. 594, and cases there cited.

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes