## R. H. HASSLER, Inc., v. SHAW.

(Circuit Court of Appeals, Fourth Circuit. January 20, 1925.)

No. 2297.

1. Courts ⬯405(5)—Supreme Court, and not Circuit Court of Appeals, had jurisdiction of writ of error involving question as to whether District Court had jurisdiction.

Where the only question raised by assignments of error is whether District Court acquired jurisdiction to render judgment in personam against defendant, the Circuit Court of Appeals has no jurisdiction; Judicial Code, § 238 (Comp. St. § 1215), giving Supreme Court exclusive jurisdiction of such question.

2. Courts ⬯527½, New, vol. 17A Key-No. Series—Circuit Court of Appeals will transfer to Supreme Court writ of error of which Supreme Court has jurisdiction.

Where Circuit Court of Appeals has no jurisdiction on writ of error, because question involved is whether District Court had jurisdiction, the writ will be transferred to the Supreme Court, under Judicial Code, § 238a (Comp. St. Ann. Supp. 1923, § 1215a).

In Error to the District Court of the United States for the Eastern District of South Carolina, at Columbia; Henry A. Middleton Smith and Ernest F. Cochran, Judges.

Action by David C. Shaw against R. H. Hassler, Inc. Judgment for plaintiff, and defendant brings error. Transferred to Supreme Court.

See, also, 295 F. 854.

Charles Martindale, of Indianapolis, Ind., and Simeon Hyde, of Charleston, S. C. (Rutledge, Hyde, Mann & Figg and Benjamin H. Rutledge, all of Charleston, S. C., on the brief), for plaintiff in error.

L. D. Jennings and A. S. Harby, both of Sumter, S. C., for defendant in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. [1, 2] In what we have to say we will refer to the parties as they were below; that is to say, we will call the plaintiff in error, Robert H. Hassler, Inc., an Indiana corporation, the defendant, and the defendant in error, David C. Shaw, a citizen of South Carolina, the plaintiff. The suit was originally brought in a state court and was removed to the federal. In the latter, the plaintiff secured a personal judgment against the defendant. The only questions raised by the assignments of error are whether the state court, in the first instance, and subsequently the District Court of the United States, acquired such jurisdiction over the defendant

as would sustain a judgment in personam against it. The case as here presented is therefore one in which the jurisdiction of the District Court, and that alone is in issue within the meaning of section 238 of the Judicial Code being Comp. St. § 1215 (Remington v. Central Pacific Ry. Co., 198 U. S. 95, 25 S. Ct. 577, 49 L. Ed. 959; Shepard v. Adams, 168 U. S. 618, 18 S. Ct. 214, 42 L. Ed. 602; Board of Trade v. Hammond Elevator Co., 198 U. S. 424, 25 S. Ct. 740, 49 L. Ed. 1111), and is therefore one over which we have no jurisdiction (The Carlo Poma, 255 U. S. 219, 41 S. Ct. 309, 65 L. Ed. 594).

In obedience to section 238a of the Judicial Code, Act of September 14, 1922, 42 Stat. at Large 837 (Comp. St. Ann. Supp. 1923, § 1215a), the writ will be transferred to the Supreme Court.