## THE PESARO.

(District Court, S. D. New York. February 24, 1926.)

International law ⟜10—Vessel owned and in possession of foreign government, though engaged as a merchant vessel, is immune from seizure on process from American courts.

A vessel owned and in possession of the Italian government, though engaged as a merchant vessel, is immune from seizure on process from an admiralty court of the United States.

In Admiralty. Suit by Berizzi Bros. & Co. against the steamship Pesaro; the Italian Ambassador, claimant. Dismissed for lack of jurisdiction.

Bigham, Englar & Jones, of New York City, for libelant.

Loomis & Ruebush, of New York City, for claimant.

AUGUSTUS N. HAND, District Judge. This is an action for cargo damage against the steamship Pesaro. She was engaged as a merchant vessel, though in possession of and belonging to the Italian government. The Italian ambassador has filed a claim and answer, in which governmental rights are reserved by order of court.

The question whether the libelant may proceed against the Pesaro was before Judge Mack in this very case, who delivered an interesting and learned opinion, reported in (D. C.) 277 F. 473. His order overruling the objections to jurisdiction in that case was afterwards vacated by consent of the parties, because the only thing before Judge Mack was the claim and plea in abatement of the master of the vessel, purporting to speak for the Italian government. This was held in The Gul Djemal, 264 U. S. 90, 44 S. Ct. 244, 68 L. Ed. 574, to be insufficient, and an improper way of raising the question of immunity. Judge Mack held that the Pesaro

was not immune from arrest on process of the admiralty courts of the United States, because she was engaged in merchant rather than military business, and also because, if she had been a United States vessel, she would not be entitled in the courts of Italy to the immunity here sought.

This decision is unquestionably contrary to the doctrine of the English cases; also to the opinion expressed by the Circuit Court of Appeals (which consisted of Judges Ward, Rogers, and Manton) in The Carlo Poma, 259 F. 369, 170 C. C. A. 345, the opinion of Judge Hough in The Maipo (D. C.) 259 F. 367, and the opinion of Judge Mayer in The Maipo (D. C.) 252 F. 627, which refers to a decision by Judge Learned Hand granting immunity where a vessel of the Chilean Government was involved. Judge Veeder also expressed the same view in The Pampa (D. C.) 245 F. 137, although there the vessel was not perhaps strictly a merchant ship.

Judge Mack's former opinion in the instant case, and some remarks of Judge Knox in The Gul Djemal (D. C.) 296 F. 567, seem to be the only authorities which can be regarded as differing from the great weight of authority in favor of the immunity of a sovereign in a case like this. Judge Knox's opinion referred to Judge Mack's, but went off partly on the fact that diplomatic relations between the United States and Turkey had been severed, "and that therefore the comity and courtesy due from this country to Turkey did not, in the absence of appropriate suggestion from the State Department of this government, require the extension of such immunity."

It is true that the decree of the Circuit Court of Appeals in The Carlo Poma, 255 U. S. 219, 41 S. Ct. 309, 65 L. Ed. 594, was vacated by the Supreme Court on the ground that the appeal should have been taken directly to the Supreme Court. The opinion of that court was therefore rendered in a matter over which it did not have jurisdiction and is not authoritative.

Inasmuch as the order entered after Judge Mack's decision in the present case was vacated because the matter was not properly before him, his decision cannot be regarded as the law of this case. In view of the great number of decisions to the contrary, I am disinclined to follow it.

Whatever may be the final outcome of cases like this, I think Judge Hough's remarks in The Maipo (D. C.) 259 F. at page 368, represent the current view in this country and England. In that case a vessel of the Chilean government was engaged in the carrying trade. A libel was filed against her by a company claiming a maritime lien. Judge Hough ordered a discharge of the vessel and said:

"If the republic of Chile considers it a governmental function to go into the carrying trade, as would appear to be the case here, that is the business of the republic of Chile; and if we do not approve of it, if we do not like it, if we do not wish any longer to accord that respect to the property so engaged, which has hitherto been accorded to government property, then we must say so through diplomatic channels, and not through the judiciary. Otherwise, the judiciary are really contributing to what might become, under conceivable circumstances, a casus belli."

Because of what has already been written by the judges of this circuit on the subject of immunity of the property of a sovereign, further discussion in a court of first instance seems futile, and the matter should await the authoritative pronouncement of the Supreme Court.

The libel is dismissed for lack of jurisdiction.