Percy P. Cowens and Others, Plaintiffs, *v.* Ticonderoga Pulp and Paper Company, Defendant.

Supreme Court, Essex County, September 14, 1926.

Pleadings — action to recover on judgment rendered in Quebec — defendant may not amend its answer to plead discovery of new evidence — comity — laws of Quebec provide that any defense available in original action may be asserted in action on judgment rendered out of Canada — Quebec judgment not conclusive on defendant, New York corporation — defendant has right to set up any defense in action on Quebec judgment which it might have asserted had action been originally brought in this State.

In an action by the plaintiffs, citizens of the Province of Quebec, to recover on a judgment rendered against the defendant, a New York corporation, in Quebec, the defendant will not be permitted to amend its answer to plead the discovery of new evidence, for the proposed amendment does not contain any matter which can be used as a defense in this action and it can be used only upon a motion for a new trial in a Canadian action.

But the plaintiffs are not entitled to judgment on the pleadings, for the Quebec judgment is not conclusive on the defendant, since it appears that the laws of Quebec provide that any defense which was or might have been set up in the original action may be pleaded to an action brought upon a judgment rendered out of Canada, and, therefore, under the rules of comity, a defendant in an action in this court on a Quebec judgment may plead any defense which he might have pleaded in the original action, and is entitled to have a trial on the merits in the courts of this State.

Motion by defendant for leave to amend its amended answer by inserting in the first affirmative defense of said amended answer in paragraph number " II," a new subdivision to be numbered " 23-a " as set forth in the proposed amended answer. The plaintiffs move for a judgment on the pleadings for the relief demanded in the amended complaint.

*Thomas B. Cotter* [*Samuel Seabury* and *Frank Smith* of counsel], for the plaintiffs.

*Frank B. Wicks* [*William C. Cannon* and *William R. Carlisle* of counsel], for the defendant.

CRAPSER, J.   The parties have stipulated that in case the court allows the answer to be amended, the plaintiffs' motion for judgment on the pleadings is to be treated as applying to said amended answer with the same force and effect as if the motion had been made after such amendment, and the decision of the court on such motion rendered accordingly.

The defendant's motion to amend its amended answer will be considered first.

This is an action upon a judgment rendered against the defendant and in favor of the plaintiffs by the Court of Kings Bench, Province of Quebec.   The plaintiffs contend that the judgment is conclusive evidence of their claim and that they are entitled to a judgment on the pleadings in this court.   The defendant contends it is only *prima facie* evidence of plaintiffs' claim and that it is entitled to a new trial or a re-examination on the merits of the case.

The case is a novel one.   The defendant should be permitted to put its answer in such shape as will enable it to raise and have determined at the trial or upon the motion for a judgment upon the pleadings every question affecting its interest involved in the subject-matter of the litigation.

The defendant seeks by its proposed amendment to its amended answer to plead the fact of the discovery of new evidence, which it alleges consists of allegations which are supplementary to defenses already set up and allegations which constitute a defense to the judgment pleaded in the complaint.

The plaintiff Percy P. Cowens testified on the trial in Canada that he never heard of the bond issue of the Riordon Company, Limited, and Christmas, another plaintiff, testified in said trial that he had no knowledge of the said plan and purpose of Riordon and Whittet to support and stabilize the market price of the said stock.   Cowens and Christmas both testified on the trial that they had no knowledge of any impropriety in the purchase of said stock.

It is claimed by the defendant that this testimony was false and that its proposed amendment pleads the fact of newly-discovered evidence which would enable it upon a new trial to establish the fact that there has been a breach of trust or an abuse of power on the part of the directors of the defendant and that the plaintiffs themselves knew of and were parties to an improper transaction.

If the defendant is in a position to prove such fact it would undoubtedly have been a complete defense to the plaintiffs' action for the collection of the notes for which judgment was rendered in the trial in Canada.

The proposed amendment of the defendant should be denied; it does not contain any matter which could be used as a defense in this action.   If true, the only way that it could avail the defendant would be upon a motion for a new trial in the Canadian action made in the proper court in Canada.

It is true that a judgment can be set aside for fraud but the fraud for which the judgment can be impeached must be some matter other than the issue in the controversy in the action and not merely consist in fraudulent testimony submitted to the court, the truth of which was contested before it was passed upon.   (*Ross* v. *Wood,* 8 Hun, 185; *Crouse* v. *McVickar,* 207 N. Y. 213, 218; *Dunstan* v. *Higgins,* 138 id. 70, 75.)

The motion of the defendant for leave to amend its answer is denied.

The plaintiffs in this action are citizens of the Province of Quebec; the defendant is a New York corporation.   The suit is brought upon a judgment secured by the plaintiffs against the defendant in the Province of Quebec, Dominion of Canada, and which judgment has by successive appeals been affirmed by the Privy Council.

The plaintiffs have moved on the pleadings for a judgment for the relief demanded in the amended complaint pursuant to rule 112 of the Rules of Civil Practice, and section 476 of the Civil Practice Act.

Section 210 of the Code of Civil Procedure of the Province of Quebec provides as follows: " Any defense which was or might have been set up in an original action, may be pleaded to an action brought upon a judgment rendered out of Canada."

The question to be decided is, will the courts of New York treat a judgment purely executory for the recovery of a sum of money only, rendered by a court of competent jurisdiction in the Province of Quebec, Dominion of Canada, in favor of a citizen of the Province of Quebec against a citizen of the State of New York, as conclusive on the merits, when the courts of the Province of Quebec refuse to accord like respect to the judgments of the courts of New York?

*Lazier* v. *Westcott* (26 N.'Y. 146, 151) was an action upon a judgment recovered in the Court of Common Pleas in Upper Canada, which follows the English rule giving full faith and conclusiveness to the judgments of our courts, and holds: " The rule may now be

regarded as firmly settled in England, that the judgment is conclusive, so far as to preclude a retrial upon the merits." The case of *Dunstan* v. *Higgins* (138 N. Y. 70), relied upon by the plaintiffs, was an action upon a judgment of the High Court of England, which also treats the judgments of our courts as conclusive upon the merits and lays down the following rule: " A foreign judgment, where the court had jurisdiction of the parties and the subject matter, is conclusive upon the merits; it can be impeached only by proof that the court had not jurisdiction or that it was procured by means of fraud."

Both of these cases differ in principle from the present case which is an action upon a judgment of the Province of Quebec whose Code of Civil Procedure permits any defense to be pleaded to an action brought upon a judgment rendered out of Canada, which was or might have been set up in an original action. The case of *Johnston* v. *Comp. Generale Transatlantique* (242 N. Y. 381) was an action to recover for the alleged wrongful delivery of goods by a steamship carrier; the defendant set up as a defense an adjudication of the Tribunal of Commerce at Paris in favor of the defendant upon the same cause of action and established on the trial that the French judgment was a final judgment upon the merits of a court of competent jurisdiction, no attempt being made to impeach the judgment of the French court for fraud. The Court of Appeals held that it was a good defense and reversed the judgment of the lower court and dismissed the complaint.

The *Johnston* case is clearly distinguishable from the present case and is not of controlling authority. In the *Johnston* case the plaintiff sued in the courts of France and judgment was in favor of the defendant, which was a bar to an action by the same plaintiff upon the same facts in the courts of New York.

In the present case, the plaintiffs, citizens of the Province of Quebec (which Province refuses judgments of the courts of the State of New York conclusive force), sued the defendant, a New York corporation, and recovered judgment; they now sue the defendant upon that judgment in the courts of the State of New York and the defendant seeks a review of the Quebec judgment *au fond*, that is, on the whole merits of the cause of action on which the judgment rests.

*Hilton* v. *Guyot* (159 U. S. 113), which was an action upon a French judgment recovered in the same court that the judgment in the *Johnston* case was recovered, lays down the general rule that upon principles of comity, judgments rendered in France, by whose laws judgments of the United States are reviewable on their merits, are not conclusive when sued upon in the United States

and are only *prima facie* evidence of the justice of the plaintiffs' claim.

The *Johnston* case does not disregard the authority of the *Hilton* case but simply limits it to questions actually decided in the *Johnston* case, and the *Johnston* case being easily distinguished from the case at bar, *Hilton* v. *Guyot* stands as authority in this country. Under *Hilton* v. *Guyot* judgments of the Province of Quebec are only *prima facie* evidence of the justice of the plaintiffs' claim and can be inquired into on the whole merits of the cause of action on which the judgment rests.

Comity is the courtesy or reciprocity between equals. To hold that the judgment in this case is conclusive and cannot be inquired into on the merits would be to give to the citizens of the Province of Quebec, who are plaintiffs in this action, a greater right with regard to judgments of the Province of Quebec than the Province of Quebec would accord to the judgments of New York State if the situation of the parties was reversed.

There is no authority so far as I have been able to find that indicates that this is the policy of our law.

In *Loucks* v. *Standard Oil Company* (224 N. Y. 99, 111) Judge CARDOZO, writing for the Court of Appeals, says: " The courts are not free to refuse to enforce a foreign right at the pleasure of the judges, to suit the individual notion of expediency or fairness. They do not close their doors unless help would violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal."

To grant the plaintiffs' motion for a judgment on the pleadings in this case would violate a fundamental principle of justice and good morals and would give to the plaintiffs an advantage that the defendant would not be granted in the Quebec courts if the defendant was seeking to recover in the Quebec courts upon a judgment granted against the plaintiffs by the courts of the State of New York; in such a case the defendant in the Quebec courts would be entitled to a review of the judgment *au fond*, that is, on the whole merits of the cause of action on which the judgment rests. No greater rights can be granted the plaintiffs in this action than the courts of Quebec would grant if the positions of the parties and courts were reversed.

The motion of the plaintiffs for a judgment upon the pleadings is denied.