## THE NAVEMAR.

**COMPANIA ESPANOLA DE NAVEGACION MARITIMA, S. A., v. CRESPO et al. (DE LOS RIOS, Spanish Ambassador to U. S., Intervener).**

No. 208.

Circuit Court of Appeals, Second Circuit.
April 18, 1939.

784

Bigham, Englar, Jones & Houston, of New York City (James W. Ryan, of New York City, of counsel), for libellant-appellee, for the motion.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

On March 6, 1939, we filed our opinion in the above cause reversing the decree of the court below, dismissing the libel and ordering that the "Navemar" be released from arrest and attachment and delivered to the Acting Consul General of Spain at New York pursuant to the prayer of the then Spanish Ambassador Fernando de los Rios. 102 F.2d 444. Since that date an order was made by this court in conformity with our opinion. After our decision the

United States recognized the new Spanish government. Thereafter a document was filed with this court, of which the following is a copy:

"To the Honorable the Judges of the United States Circuit Court of Appeals for the Second Circuit:

"The Spanish Government does not desire to appear as a party to the cause pending in your court under the title:

"Compania Espanola de Navegacion Maritima, S. A., owner of the Spanish Steamship 'Navemar', Libellant-Appellee, against Spanish Steamship 'Navemar', her engines, etc., and Rafael Crespo, Jose Arana, Manuel Freire, Gaspar Lopez and Antonio Sanchez, Respondents, Fernando de los Rios, Spanish Ambassador to the United States of America, Appellant.

"Neither it nor I in my capacity as its Charge d'Affaires in the United States have authorized any lawyer to · represent the Spanish Government in any way in this case.

"In accordance with specific instructions from my Government with respect to the above-named cause I am authorized to say that the Spanish Government has no objection to the dismissal of the appeal therein nor to the delivery by the court at the earliest possible moment of the Navemar to Messrs. Garcia & Diaz, 17 Battery Place, New York City, agents of the libellant-appellee herein. On Monday last on my instructions the Acting Consul General of Spain in New York appeared personally in your court and made a statement to the above effect.

"I note in the caption of the suit the name of Fernando de los Rios, who no longer represents the Spanish Government, as clearly indicated by the Certificate of the Secretary of State of the United States, No. 1892, dated April 3, 1939, and filed in the above cause.

"April 12, 1939

"Jaun Fº de Cardenas
"Charge d'Affaires of Spain to the United States of America.
"[Seal of Embajada de Espana en Washington]"

The document was accompanied by the certificate of the Secretary of State of the United States under the seal of the Department of State which certified that Senor Don Juan Francisco de Cardenas, whose name was subscribed to the document, was Charge d'Affaires of Spain at Washington.

Proctors for the libellant-appellee have moved in this court for an order dismissing this appeal. In aid of this motion they have submitted the certificate of the Secretary of State and the above accompanying document signed by the Charge d'Affaires of Spain, a letter signed by the said Charge d'Affaires and the affidavit of Manuel Diaz praying that an order be entered dismissing the appeal and directing that the Spanish Steamship Navemar be delivered to Garcia & Diaz as agents of the libellant Compania Espanola de Navegacion Maritima, S. A.

In Ex parte Muir, 254 U.S. 522, 41 S. Ct. 185, 65 L.Ed. 383, the Supreme Court held that a foreign government might appear in a suit, propound its claim to a vessel and raise the question as to the jurisdiction of the court, or that its accredited and recognized representative might thus appear and take the same steps in its interest. It was likewise stated in Ex parte Muir that if there was objection on the part of the foreign government to appearing as a suitor in a foreign court it was open to it to make the asserted public status and immunity of the vessel the subject of diplomatic representations to the end, that if the claim was recognized by the Executive Department of this government, it might be set forth and supported in an appropriate suggestion to the court by the Attorney General.

It is evident from the documents that have been presented that the Spanish government has not appeared or authorized its Charge d'Affaires to appear in the cause. In fact it has declined to take this step. Accordingly the motion is denied, with leave, however, to renew upon papers in which the Charge d'Affaires asks leave to intervene and prays upon such intervention to have the order reversing the decree of the court below vacated and the appeal to this court dismissed.*

* On the suggestion dated April 21, 1939, filed in the above cause by the United States Attorney for the Eastern District of New York, and on the representation of the Attorney General and of the Secretary of State to the Circuit Court of Appeals for the Second Circuit, likewise filed therein, and on the diplomatic representation or request of Juan Francisco de Cardenas, Charge d'Affaires of Spain to the United States, dated April 20, 1939, and annexed as part of the representation of the Secretary of State, the Circuit Court of Appeals ordered that its decree filed on March 31, 1939, be vacated and that the appeal taken by Fernando de los Rios, former Ambassador of the Republic of Spain, from the District Court for the Eastern District of New York be dismissed and that the cause be remanded with instructions to direct the United States Marshal for the Eastern District of New York to deliver the Navemar to Messrs. Garcia & Diaz, agents for the libellant-appellee, as requested and represented in the above mentioned representations and suggestion of the Secretary of State, the Attorney General and the United States Attorney for the Eastern District of New York.